## FISCUS v. ROBBINS.

DECEDENTS' ESTATES ACT.—*Section 70.*—*Allowance of Joint Promissory Note. of Decedent and Another.*—*Principal and Surety.*—Under section 70 of the act providing for the settlement of decedents' estates, 2 R. S. 1876, p. 518, an administrator of the estate of a deceased joint maker of a promissory note has no power to allow more than a proportionate share of such note against his decedent's estate, unless the decedent bore to his co-maker the relation of principal to surety.

SAME.—*Former Adjudication.*—*Merger.*—*Judgment.*—Where a promissory note executed by a decedent and another is filed against the former's estate, and allowed by the administrator, in writing, on the margin of the appearance docket opposite such claim, such allowance is not a final judgment merging such note, sufficient to sustain a plea of former recovery, pleaded in a joint action against the estate and the other maker.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing*, for appellant.

*B. W. Wilson*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, James Fiscus, and James Fiscus, administrator of the estate of William Newman, deceased, as defendants, in the court below.

In his complaint, the appellee alleged, in substance, that, on the 11th day of January, 1873, William Newman, then in full life but since deceased, and the appellant, James Fiscus, executed to the appellee their promissory note, of that date, for two hundred dollars, of which note the following is a copy:

" $200. Jan. 11th, 1873.

" Twelve months after date, we promise to pay to the order of John Robbins two hundred dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, with interest at ten per cent. per annum from date until paid. If this note be collected by suit, the judgment shall include the reasonable fees for plaintiff's attorney.

(Signed,) " WILLIAM NEWMAN.
" JAMES FISCUS."

Endorsed: " Rec'd on the within note int. for one year, $20." Receipt for another year's interest filed by executor; that the defendant James Fiscus had been appointed as administrator of the estate of said William Newman; that said note, principal, interest and attorney's fees, were due and unpaid, and that a reasonable attorney's fee for collecting said note was twenty-five dollars. Wherefore, etc.

To this complaint, the appellant, James Fiscus, separately answered in three paragraphs, in substance, as follows:

1. A general denial;

2. Payment in full before the commencement of this action; and,

3. That heretofore, to wit, on the 23d day of November, 1874, the appellee filed his said note, sued on in this action in the court below, as a probate claim against the estate of said William Newman, deceased, which was being administered in said court, which claim was regularly docketed on the appearance docket of said court, and was allowed by the executor of the will of said de-

cedent thereon, and still remained so allowed and a judgment in full force and unreversed; and thereby said note became, and still was, merged in said allowance and judgment; and the appellee ought not to maintain this action.

The appellee demurred to the third paragraph of the appellant's answer, upon the ground that it did not state facts sufficient to constitute a defence to this action, which demurrer was sustained by the court, and to this decision the appellant excepted. The defendant James Fiscus, administrator of the estate of said William Newman, deceased, made default; and the cause was submitted to the court for trial, and a finding was made, that there was due the appellee, on the note in suit, the sum of $254, for which sum a judgment was rendered in favor of the appellee, against the estate of said William Newman, deceased, and the appellant, jointly, to which judgment the appellant excepted.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1. In sustaining the appellee's demurrer to the third paragraph of the appellant's answer; and,

2. In rendering a judgment for the appellee, on a note merged in a judgment in full force.

The question presented for our consideration by the record of this cause and the errors assigned thereon may be thus stated: What was the legal effect of the act of the appellee in filing the note in suit, in the court below, as a claim against the estate of William Newman, deceased, of the act of the clerk of said court in entering said claim on the appearance docket, and of the act of the appellant, as executor of the will of said decedent, in admitting "such claim, in writing, on the margin of such appearance docket opposite such claim?" 2 R. S. 1876, p. 515, sec. 66. Can it be correctly said, that these acts of these different parties resulted in such a judgment of a court of competent jurisdiction as that the note in suit was so merged therein that no action could thereafter be

maintained on said note? The statute does not give to the mere admission of a claim against a decedent's estate, by the executor or administrator, the force and effect, or any of the qualities, of a judgment on such claim. The only effect given by the statute to the admission of a claim against the estate of a decedent, by the executor or administrator, in the mode prescribed by the statute, is to stop litigation and costs on such claim. If the claim is not thus admitted within the time limited, it must be transferred to the issue docket of the court and stand for trial, as other civil actions pending in such court. Sec. 66, *supra*. Such admission of a claim is not final, as a judgment thereon would be; for it is expressly provided, in said section 66 of the act for the settlement of decedents' estates, *supra*, " That the court may, in its discretion, require further proof as to any claim, notwithstanding the executor or administrator may have admitted the claim in the manner provided in this section."

Indeed, it seems to us, that, in the case of the appellee's claim on the note now in suit against the estate of William Newman, deceased, mentioned in the third paragraph of the appellant's answer, it was and is the duty of the court below to require further proof, notwithstanding the appellant, as executor, had admitted the claim. For, under section 70 of said act, providing for the settlement of decedents' estates, the executor had neither the right nor the power to admit or allow any more than the one equal half of said note and interest, against the estate of said decedent, unless and until the fact was made to appear, which did not appear in this case, that the decedent was the principal, and the appellant was his surety, in the note in suit; in which event the whole of said note might have been admitted or allowed against said estate. 2 R. S. 1876, p. 518.

It is provided, in section 67 of said act, that the allowance of a claim against a decedent's estate by the court, " after the hearing of the proofs and allegations on the

trial," shall "have the full force of a regular judgment in any court, except as herein provided." 2 R. S. 1876, p. 517. But it is nowhere provided, that the mere admission or allowance of such a claim by the executor or administrator on the appearance docket of the court shall have the force and effect of a judgment in any particular.

In our opinion, no error was committed by the court below, in sustaining the appellee's demurrer to the third paragraph of the appellant's answer.

The judgment is affirmed, at the appellee's costs.