## ALEXANDER, ADMINISTRATRIX, v. ALEXANDER.

DECEDENTS' ESTATES.—*Claim on Promissory Note.—Answer of Failure to Collect Judgment Assigned as Collateral.—Negligence.—Notice.*—In an action by the payee, against the administrator of the estate of the deceased maker, on a promissory note, the defendant answered, alleging that the decedent, on executing the note in suit, had assigned to the payee, as collateral security, a judgment in favor of the decedent, against another, amounting to a sum more than sufficient to satisfy the note in suit; that such judgment was a lien, and also secured by a mortgage, upon real property belonging to the judgment debtor, of a value sufficient to satisfy such judgment; that the judgment debtor was also the owner of personal property, subject to execution, of a value sufficient to satisfy such judgment; that, though the payee still held the judgment as collateral, and though the amount thereof could have been made on execution, as the payee well knew, the latter had negligently failed to issue execution thereon; and that, if the note in suit be put in judgment, the personal property of the decedent's estate, which was amply sufficient for the payment of all other debts, would be insufficient, and real estate would have to be sold, to pay off the note in suit.

*Held,* on demurrer, that, on behalf of an estate, the answer is sufficient.

From the Floyd Circuit Court.

*D. W. LaFollette, W. W. Tuley, A. C. Voris, M. F. Dunn* and *F. Wilson,* for appellant.

*A. Dowling,* for appellee.

WORDEN, J.—The appellee filed her claim against the estate of Thomas M. Alexander, consisting of three promissory notes executed by said Thomas M. to said Martha A., each for the sum of one thousand seven hundred and seven dollars and thirty-three cents, dated March 4th, 1871, and payable, respectively, in one, two and three years from date, with interest at the rate of ten per cent. per annum.

The claim was filed in the court of common pleas, but the cause was transferred to the circuit court, upon the dissolution of the court of common pleas. In the circuit court such proceedings were had as that judgment was rendered for the plaintiff in the sum of four thousand four hundred and thirty-one dollars and fifteen cents. That judgment was reversed by this court, and the cause remanded for further proceedings. See Alexander v. Alexander, 48 Ind. 559.

After the cause went back from this court, the appellee filed her demurrer, for want of sufficient facts, to the fourth paragraph of the defendant's answer, which was sustained, and exception taken.

Such further proceedings were had as that the plaintiff had judgment of allowance for two thousand nine hundred and thirty-two dollars.

But one question is now here raised, viz., did the court below err in sustaining the demurrer to the fourth paragraph of answer?

The paragraph of answer in question alleged, in substance, that, at the time of executing the notes, the deceased transferred and assigned to the plaintiff a judgment rendered in the Floyd Circuit Court, on October 28th, 1870, for five thousand and nineteen dollars and fourteen cents, in favor of Martha A. Alexander, against John Gordon, of which judgment the said Thomas M. Alexander was then the owner, which judgment was assigned to the plaintiff

as a collateral security for the payment of the notes mentioned; that, at the time the judgment was assigned, it was secured by a mortgage upon a large amount of land in the counties of Stark and Newton, in the State of Indiana, of the value of ten thousand dollars. The judgment was also a lien upon a large amount of real estate in the county of Floyd, of the value of twenty thousand dollars, the property of said Gordon; that, at the time of the assignment of the judgment, Gordon was the owner of personal property more than sufficient to pay the judgment, interest and costs, and still is the owner thereof; that the plaintiff had full knowledge of all the facts herein set forth, respecting the judgment, mortgage, and the personal and real property of said Gordon; that the plaintiff placed the judgment in the hands of Alexander Dowling, her attorney, who had full knowledge of said facts; that the judgment thus assigned as collateral security remains uncollected by means of the plaintiff's negligence; that the plaintiff has not used reasonable nor ordinary diligence in the collection thereof, in this, that she has neither foreclosed the mortgage nor had an execution levied upon any of the real or personal property of Gordon; that the personal estate of the deceased amounts to about five thousand dollars, exclusive of the judgment against Gordon, and that, deducting therefrom the amount allowed the widow, and the other debts and expenses of administration, there would not remain enough to pay the claim of the plaintiff without proceeding to sell the real estate of the deceased, which would be injurious to the interests of the estate, and unnecessary if the plaintiff would proceed to collect the judgment; that the amount due on the judgment is more than enough to pay the amount due on the notes, and that the judgment could have been, and, but for the negligence of the plaintiff, would have been, collected. Wherefore, etc.

It may be conceded, that the matter set up in the answer would not make the appellee responsible, as for the value of the judgment; and yet it does not follow, that the answer was not good. If the action had been against the deceased in his lifetime, upon the notes, the matter set up in the answer would probably have been no bar to the action, because nothing appears to have been lost by the plaintiff's failure to collect the collateral.

But, according to the answer, the collateral is good, and can be collected, and is more than sufficient to pay the plaintiff's claim against the estate, and the plaintiff still holds it; there is not enough personal property belonging to the estate, other than the judgment thus held by the plaintiff as a collateral, after deducting the amount to which the widow is entitled, and other debts and expenses, to pay the plaintiff's claim; and, if allowed, real estate will have to be sold to pay it.

The personal property of an estate is the primary fund out of which debts not secured by a specific lien on real estate are to be paid. An administrator can not proceed to sell real estate for the payment of debts, until he shall have discovered that the personal is insufficient. If the judgment in question were restored to the administratrix, she could not proceed to sell real estate to pay the plaintiff's claim, until she had taken steps to collect the judgment; and its collection would render it unnecessary to sell real estate. But the plaintiff holds the judgment as collateral security for the payment of her claim. She holds the primary fund out of which her claim ought to be paid, before resorting to the realty. She neither collects the judgment nor restores it to the administratrix, whereby the latter might collect it and pay her claim.

We think, that, in equity, she ought to be required to proceed on the collateral, and collect her claim, or so much thereof as she may be able to, before asking

an allowance of it against the estate, whereby real estate would have to be sold to pay it. If the administratrix were to sell realty to pay the claim, and were thereby to pay it, the judgment would revert to her, or perhaps to the heir whose land had been sold, and she would then have in her hands personalty, which should have been applied to the payment of the debt, instead of the realty sold for that purpose. The plaintiff has the primary fund in her hands, out of which her claim ought to be paid, and she ought to exhaust that fund before proceeding against the estate, whereby the secondary fund, the realty, would have to be applied to that purpose.

We think the paragraph of answer was good, and that the demurrer to it should have been overruled.

But the appellee claims, that there was another, the sixth, paragraph, under which the matters alleged in the fourth could have been given in evidence. The sixth paragraph was a counter-claim, setting up some of the matters alleged in the fourth, and some not contained in it; but it was entirely silent in respect to the facts on which we hold the fourth good, and those facts could not have been given in evidence under it.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

NOTE.—HOWK, C. J., having been of counsel in the cause, did not participate in this decision.