Filed Sept. 27, 1884.

---

No. 11,248.

## HIGHT ET AL., ADMINISTRATORS, v. TAYLOR.

PLEADING.— *Written Instrument.—Copy.*—Under section 362, R. S. 1881, it is only where a pleading is founded on a written instrument that "the original, or a copy thereof, must be filed with the pleading."

DECEDENTS' ESTATES.—*Allowance of Claim.—Collateral Security.—Assignment without Recourse for Collection.— Waiver.*—An allowance of a claim against a decedent's estate is not a lien on the estate, nor can its payment be enforced by execution; and where the decedent had, in his lifetime, assigned a policy of insurance on his life to his creditor, as collateral security for the payment of his debt, the creditor does not waive his right to the proceeds of such policy by procuring an allowance of his debt as a claim against the decedent's estate in the proper court, nor by his assignment without recourse of such policy to the decedent's administrator solely for the purpose of collection.

SAME.—*Evidence.*—In a suit by such creditor to recover of the decedent's administrator the proceeds of the policy so assigned, parol evidence is competent and admissible to show that the assignment of such policy, though absolute in form, was executed by the creditor without consideration and solely for the purpose of collection.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan, J. H. Louden* and *R. W. Miers,* for appellants.

*J. D. Haynes, J. K. Thompson, J. R. East* and *W. H. East,* for appellee.

HOWK, J.—This was a suit by the appellee Mary M. Taylor against the appellants Hight and Handy, administrators

of the estate of J. S. Smith Hunter, deceased, for the recovery of the proceeds of a certain policy of insurance, executed by the Continental Life Insurance Company, of Hartford, on the life of such decedent. The cause was put at issue and tried by the court, and, at the appellants' request, the court made a special finding of the facts and stated its conclusions of law thereon. The appellants excepted to the conclusions of law, and, over their motion for a new trial, the court rendered judgment thereon for the appellee.

The overruling of their demurrer to the complaint is the first error of which the appellants complain in this court.

In her complaint the appellee alleged that heretofore, on ———, she loaned to J. S. Smith Hunter, who was then in life, the sum of $10,000, and took his promissory note therefor; that, at the time of taking such note, J. S. Smith Hunter held a policy on his life in the Continental Life Insurance Company for the sum of $10,000, and he then assigned, by written endorsement thereon, such policy as security for the payment of his note, and delivered the same to the appellee, who held the same until thereinafter alleged; that after the giving of such note and the assignment of such policy, to wit, on the 8th day of July, 1876, the said J. S. Smith Hunter departed this life, leaving said note unpaid, and, by his death, became entitled to the payment of said policy, subject to the payment of appellee's claim; that after the death of said Hunter the appellee filed her note in the court below, and by the judgment of the court her claim was allowed against the decedent's estate in the sum of $10,000, which was then due and unpaid; that on the 9th day of September, 1876, Henry C. Duncan was duly appointed administrator of the estate of J. S. Smith Hunter, deceased, and that, while acting as such, the appellee, for no other consideration than for the purpose, and only purpose, of collecting said policy, assigned the same in writing by endorsement thereon to the said Henry C. Duncan, administrator as aforesaid, and to the estate of said decedent, for such collection; and that thereupon the said Duncan

commenced suit in the circuit court of the United States for the collection of such policy.

And the appellee further alleged that afterwards, on the — day of July, 1878, the said Henry C. Duncan resigned his trust as such administrator, and the appellants Hight and Handy were duly appointed and qualified as administrators, and had been since and then were acting as the administrators of the estate of said J. S. Smith Hunter, deceased; that, as such administrators, the appellants had collected, by the judgment of United States Circuit Court, the sum of $10,000 on such policy, and then had such money in their possession; and that, though demanded so to do, the appellants refused to pay such money over to the appellee in payment of her claim against said estate, allowed by the court below. Wherefore, etc.

It is claimed by the appellants' counsel that appellee's complaint is bad on the demurrer thereto, "for the reason that no copy of the policy, or of the assignments of the same, was filed with the complaint." This objection to the complaint is not well taken. Neither the policy, nor the written assignments endorsed thereon, can be regarded in any legal sense as the foundation of appellee's complaint; and under the statute, it is only when a pleading is founded on a written instrument that "the original, or a copy thereof, must be filed with the pleading." Section 362, R. S. 1881; *Anderson School Tp.* v. *Thompson*, 92 Ind. 556.

But appellants' counsel also insist that the complaint is bad because it shows that the court had previously allowed the appellee the amount due on her note, as a claim against the decedent's estate, and had assigned the policy to the administrator of the decedent for collection. We are of opinion, however, that the complaint is not bad on either of the grounds suggested by counsel. The allowance of her claim by the court gave the appellee no additional rights against the decedent's estate. The allowance did not become a lien on the estate, and its payment could not be enforced by execution.

The statute declares that "No execution or other final process shall be issued on any allowance or judgment rendered upon a claim against a decedent's estate, for the collection thereof out of the assets of the estate." Section 2328, R. S. 1881; *Fiscus* v. *Robbins*, 60 Ind. 100; *Johnson* v. *Meier*, 62 Ind. 98. It can not be said, we think, that the appellee, by procuring such an allowance of her claim, waived her rights to the policy assigned to her by the decedent, in his lifetime, to secure the payment of such claim. Nor can it be correctly said, as it seems to us, that the appellee lost or waived her legal right to have the proceeds of the policy applied to the payment of her claim, by her assignment of such policy, without consideration and solely for the purpose of collection, to the former administrator of the decedent. In support of their position appellants' counsel cite *Alexander* v. *Alexander*, 64 Ind. 541, but an examination of that case will show that it is utterly unlike the case at bar.

The second error, of which the appellants' counsel complain in argument, is alleged error of the court in its conclusions of law, upon the facts specially found. In the special finding, the court found the facts to be substantially the same as those stated by appellee in her complaint, except that they were stated more fully and at length in the special finding than in the complaint. The appellee's assignment of the policy to Duncan, administrator of the decedent, is set out at length in the special finding of facts, in substance, as follows:

"VERSAILLES, IND., June 5th, 1877.

"This policy having been assigned as collateral security to me, and the debt being now secured by a judgment, I now assign the same to Henry C. Duncan, administrator of the estate of J. S. Smith Hunter, deceased, without any recourse whatever back on me.     (Signed)     MARY M. TAYLOR."

It is earnestly insisted by the appellants' counsel, that the appellee having procured an allowance of her claim against the decedent's estate, and having thus assigned the policy, unconditionally and without recourse, to the decedent's ad-

ministrator, must be held to have surrendered and abandoned her claim to such policy as a security, and to be absolutely estopped from asserting or showing the contrary. We are not inclined to approve of or adopt the views of counsel on this point. We have already shown, we think, that the allowance of appellee's claim against the decedent's estate gave her no additional rights against such estate; and it will not do to say that her claim was secured by the judgment of allowance. It is manifest, therefore, upon the face of appellee's assignment of the policy to the administrator of the decedent, that it was executed by and through mistake. Appellee did not intend to surrender or abandon the policy as a security, except upon the ground, apparent in her assignment, that her claim was secured by the judgment of allowance. The fact that the assignment of the policy was executed by appellee, without any recourse on her, does not show conclusively that she thereby abandoned and surrendered the policy to the administrator of the decedent, nor preclude her from asserting and proving the actual facts in regard to her execution of such assignment. If the actual facts were, as the trial court found them to be, the court did not err in its conclusion of law, that the appellee was entitled to an order, requiring the appellants to apply the net proceeds of the policy, in their hands as administrators, to the payment of appellee's claim.

These views of the question, under consideration, practically dispose of the third error assigned by the appellants, namely, error of the court in overruling their motion for judgment in their favor on the special finding of facts. For, if the court did not err in its conclusions of law upon the facts specially found, as we decide that it did not, it is logically certain that it committed no error in overruling the appellants' motion for a judgment in their favor, upon such facts.

The last error of which the appellants complain is the overruling of their motion for a new trial. We will consider the causes assigned for such new trial in the order and manner

in which the appellants' counsel have discussed them in their well-considered brief of this case. The first and second causes for a new trial were, that the special finding of the court was contrary to law, and was not sustained by sufficient evidence, and these causes are considered together. The evidence is properly in the record, and fairly tends, as it seems to us, to sustain the special finding of facts on every material point. In such a case it needs no argument nor citation of authorities to show that the finding of the trial court will not be disturbed, nor its judgment be reversed, upon the question merely of the weight or sufficiency of the evidence. Such has been the uniform holding of this court, upon the point under consideration, for many years; and we know of no sufficient reason for declaring a different rule in the case in hand. *Hayden* v. *Cretcher,* 75 Ind. 108; *Cornelius* v. *Coughlin,* 86 Ind. 461; *Johnston Harvester Co.* v. *Bartley,* 94 Ind. 131.

The third cause for a new trial was error of law, occurring at the trial, in permitting Edwin P. Ferris, a witness for appellee, "to testify as to the purpose for which the policy of insurance was assigned by the plaintiff to H. C. Duncan, and what was the understanding, whether the policy was assigned absolutely, or only for collection." The evidence of Ferris was admitted by the court, over the appellants' objection thereto that it was "illegal and incompetent." There was no error, we think, in the admission of Ferris's evidence.

The appellee was the sister of the decedent, J. S. Smith Hunter. She loaned Hunter, in his lifetime, $10,000, for which he gave her his note; and to secure her in the payment of his note he assigned in writing and delivered to her the policy of insurance on his life. Afterwards he died, leaving his debt and note to the appellee wholly unpaid. Duncan became the administrator of the decedent's estate, and the witness, E. P. Ferris, Esq., became and was the attorney of the appellee, who placed in his hands for collection the decedent's note to her and the policy of insurance assigned to her to secure the payment of such note. Ferris testified

that he wrote the assignment of the policy to Duncan, administrator, executed by the appellee, and heretofore set out in this opinion.   We are of opinion that it was competent for the appellee to show by the witness what was the purpose of her assignment of the policy to Duncan, the administrator of her deceased debtor, and what was the understanding as to whether the assignment was absolute or only for collection. The evidence was competent, not for the purpose of contradicting the written assignment, but to show what was not apparent on the face of the assignment, namely, the object, purpose and intention of the parties in its execution.   *Smith* v. *Ostermeyer,* 68 Ind. 432; *Sidener* v. *Pavey,* 77 Ind. 241, on p. 246; *Hewitt* v. *Powers,* 84 Ind. 295.

What we have said, in considering the third cause for a new trial, is applicable as well to the alleged error of law, which was assigned as the fourth cause for a new trial, namely, error of law, occurring at the trial, in overruling the appellants' motion to strike out the evidence of Edwin P. Ferris, the admission of which evidence, over their objections, was assigned by them as their third cause for a new trial.   Of course, if the evidence of Ferris was competent and properly admitted, as we think it was, it follows of necessity that the court did not err in overruling the motion to strike out such evidence.

The fifth and sixth causes for a new trial are substantially the same, and present the same questions as the third and fourth causes, already considered.   The fifth cause was error of law in permitting the appellee, as a witness in her own behalf, to testify in relation to her object and purpose in executing the assignment of the policy to Henry C. Duncan; and the sixth cause was error of law in refusing to strike out such evidence of the appellee.   For the reasons given, in considering the third and fourth causes for a new trial, we are of opinion that the rulings of the court, complained of by the appellants as errors of law, in their fifth and sixth causes for a new trial, were neither of them erroneous.   No

other causes for a new trial were assigned by the appellants, and our conclusion is that the court committed no error in overruling their motion for a new trial.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Sept. 26, 1884.