Filed Nov. 24, 1893.

---

No. 975.

CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.* ROSS.

PLEADING.—*Complaint, Sufficiency of.*—*Railroad.*—*Action for Constructing Fence Along Right of Way.*—*Notice.*—*Exhibit.*—When an action is brought against a railroad company for labor performed and material furnished in constructing a fence along the company's right of way, by the adjacent land-owner, a copy of the written notice to the company need not be set out in the complaint, it not being the foundation of the action.

From the Boone Circuit Court.

*W. R. Crawford* and *J. A. Abbott,* for appellant.

*C. M. Zion,* for appellee.

Lotz, J.—The appellee commenced this action against the appellant, to recover for the value of work and materials furnished in the construction of a fence along the line of appellant's right of way and appellee's improved lands.

The work was done and the materials furnished under the provisions of sections 1077 and 1078, Elliott's Supp. The court below overruled a demurrer to the complaint. This ruling is the only error assigned in this court.

It is insisted that the complaint is defective because it does not set out a copy of the thirty days' notice which section 1078, *supra*, requires the land-owner to serve upon railway company's agent. The complaint avers that such notice was given.

Section 362, R. S. 1881, provides that when any pleading is founded on any written instrument or an account the original or copy thereof must be filed with the pleading. A bill of particulars of the costs of the fence was filed with the complaint. We do not regard the thirty days notice which the land-owner is required to serve upon the company, as the foundation of the cause of action. The purpose of the notice is to apprise the company of the land-owner's intention and to give him the right to enter upon the right of way and construct the fence if the same be not done by the company. The work and labor done and materials furnished, which have enured to the benefit of the company, is the foundation of the cause of action. When a written instrument is not the basis of the cause of action or defense, but is only referred to as one among other facts material to the pleading, a copy or exhibit need not be filed with, or made a part of, the pleading. *Hight* v. *Taylor*, 97 Ind. 392; *Black* v. *Richards*, 95 Ind. 184.

Judgment affirmed, at costs of appellant.

Filed Nov. 22, 1893.