Filed May 9, 1894.

---

No. 974.

CHICAGO AND SOUTH EASTERN RAILWAY COMPANY *v.* ABBOTT.

FENCE.—*Along Railroad Right of Way.*—*Action by Land-Owner for Cost of Construction.*—*Recovery.*—*Notice.*—Before a land-owner can recover the cost of constructing a fence along his lands abutting on the right of way of a railroad company, the road having been constructed after the passage of the act creating the liability, he must show that that part of the road on which the lands abut had been completed twelve months before he gave notice of his intention to build the fence.

SAME.—*Railroad.*—*Notice.*—*Evidence.*—In such case, where the only evidence of a delivery of notice is by the plaintiff, to the effect that he gave a copy of the notice to the agent of defendant, not indicating to what notice he referred, the evidence does not sufficiently establish notice.

From the Boone Circuit Court.

*W. R. Crawford* and *J. A. Abbott*, for appellant.
*A. J. Shelby*, for appellee.

DAVIS, C. J.—This action was brought by the appellee to recover the expense of constructing a certain fence along his lands abutting on the right of way of appellant, under the provisions of sections 1077 and 1078, Elliott's Supplement, sections 5323 and 5324, R. S. 1894. It is conceded that the complaint is, in all respects, suffi-

cient. An answer of general denial was filed. The cause was tried by the court, and judgment rendered against the appellant for $321. The appellant filed a motion for a new trial, based upon two grounds: First, because the finding and judgment of the court were contrary to the law and the evidence. Second, that such finding and judgment were not sustained by sufficient evidence. The only question discussed in this court is the action of the trial court in overruling the motion for a new trial.

It is urged that this motion should have been sustained because no evidence was introduced on the trial tending to prove that the railroad had been completed and operated for as much as twelve months prior to the day on which appellee claims to have given notice to appellant that it was his intention after the expiration of thirty days to build said fence. We have carefully read the record, and fail to find any evidence in relation to when the road at this or any other point was completed, or that it had ever been operated at any time.

The law here applicable is thus stated: "As to roads already completed, when the act involved in this case took effect, notice of an abutting land-owner to the company of his intention to build the fence will avail nothing, unless twelve months from the date of the taking effect of the act have elapsed without the fence having been built by the company; while, as to roads constructed and completed after the taking effect of said act, twelve months would have to elapse from the date of such construction and completion, without the fence being built by the company, before an adjoining land-owner could, by authority of the statute, give a valid notice of his intention to build the fence." *Lake Erie, etc., R. W. Co.* v. *Lannert,* 1 Ind. App. 102. These facts must

not only be alleged in the complaint, but must necessarily be proved before any recovery can be had. The completion or operation of the entire road does not have to be shown.   It is sufficient to prove the construction and completion of that part of the road, on which the lands abut, for the length of time prescribed by statute.   The notice was made a part of the complaint.   This was unnecessary.   *Chicago, etc., R. W. Co.* v. *Ross,* 8 Ind. App. 188.   The notice was not offered in evidence.   Neither was it referred to.   Appellee testified that he gave a copy of the notice to the agent of appellant, but he did not indicate to what notice he referred.   If he had said that he gave a copy of the notice filed with the complaint to the agent, we are not prepared to say that this would not have been sufficient.   There is some evidence tending to show that Taylor was in charge of the office of the company at Rosston, at the time the copy of the notice was delivered to him, and if there was anything in the record tending to show that this was a copy of the notice filed with the complaint, we would not be disposed to disturb the verdict on the ground that there was a failure of proof as to the agency of Taylor.   The land is sufficiently described and identified in the notice filed with the complaint, if it had been introduced in evidence or identified in the testimony, to uphold the verdict.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed May 17, 1894.