## VANDALIA RAILROAD COMPANY *v.* KANARR.

[No. 5,790. Filed May 29, 1906.]

1. PLEADING.—*Complaint.—Exhibits.—Railroads.—Fences.—Repairs.*—The itemized statement of the cost of erecting a fence on a railroad right of way is not a necessary exhibit to a complaint by an abutting landowner against such company for the cost of constructing such fence, a direct allegation in the complaint of such items being sufficient.   p. 147.

2. RAILROADS.—*Fences.—Repairs.—Notice.*—A notice by an abutting landowner to a railroad company that it has no fence on its right of way, and that unless it builds one within thirty days he will do so, is sufficient under §5324 Burns 1901, Acts 1885, p. 224, §2, though there was an old fence in such a state of repair that a new fence was necessary, a statement of the probable cost in such case being unnecessary.   p. 148.

3. SAME.—*Fences.—Repairs.—Notice.*—A notice directed to the Terre Haute & Indianapolis Railroad Company to repair a fence along its right of way, delivered to the proper agent of the Terre Haute & Logansport Railway Company and by such agent

sent to the home office of his company, and describing particularly the location of such fence, is sufficient as to such latter company. p. 151.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Action by Charles C. Kanarr against the Vandalia Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Samuel Parker* and *John G. Williams,* for appellant.
*J. D. McLaren* and *H. A. Logan,* for appellee.

BLACK, J.—The appellee recovered judgment against the Terre Haute & Logansport Railway Company, from which, as its successor, the Vandalia Railroad Company appeals. The action was one to recover the value of a fence constructed along the west side of the right of way of the first-named company, where the railroad ran through the land of the appellee, which was fenced on its other sides, and was not within the limits of any city, incorporated town or village, pursuant to the provisions of §5323 *et seq.* Burns 1901, Acts 1885, p. 224.

It is contended on behalf of the appellant that the itemized statement or account, verified by affidavit, showing the expenses of the construction of the fence, or the

1. cost of repairs, including materials and labor, which under the provisions of the statute is to be presented for payment or furnished to the agent of the railroad company when the fence has been completed, or the repairs have been made, constitutes the foundation of such an action in such a sense that a copy thereof should be filed with the complaint as an exhibit, or should be inserted in the body of the pleading; and counsel cites *Chicago, etc., R. Co.* v. *Ross* (1893), 8 Ind. App. 188, which, however, furnishes no support for such a proposition. It was there held that a copy of the thirty days' notice to be given by the landowner in writing of his intention to enter upon the right of way to build the fence, which must be given to

the agent of the railroad company, need not be set out as constituting the basis of the action. It appears from the opinion of the court that a bill of particulars of the cost of the fence was filed with the complaint, which was held sufficient on demurrer. In the paragraph of complaint before us, to which this objection of the appellant is addressed, the items of expense are shown by direct averment. This is sufficient in such matter, the giving of the notices required by statute being shown by averments of the facts. See *Chicago, etc., R. Co.* v. *Vert* (1900), 24 Ind. App. 78.

The court rendered a special finding of facts.

2. It is contended that the thirty days' notice of intention to enter to construct the fence was insufficient because it was addressed to "the Terre Haute & Indianapolis Railroad Company," and because it failed to state the probable cost of repairing the fence. It was found by the court that the railroad was built in the locality in question in the years 1883 and 1884, and that within six months after it was built the owner of the railroad at that time caused a right of way fence to be built on the west side of the right of way at the place in question; but that prior to July 5, 1903, that fence had decayed and rotted, and had become so out of repair that no part of it would turn cattle, horses, mules, sheep, hogs or other stock. There was no fence on the right of way where it abutted upon the appellee's lands that would turn cattle, horses, mules, sheep, hogs or other stock at the time of the service of the notice by the appellee, or at the time of the building of the fence by him. He was, and since February 21, 1903, had been, continuously, the owner in fee simple and in possession of the land in question, abutting on the west line of the right of way of the Terre Haute & Logansport Railway Company, which since December 1, 1898, had owned and operated the railroad. July 5, 1904, the appellee served on John M. Montgomery a notice as follows:

."State of Indiana, Marshall County, ss. Notice to the Terre Haute & Indianapolis Railroad Company, operating and controlling the Terre Haute & Logansport Railway: You are hereby notified that I, the undersigned, am the owner and in actual possession of the following described farm and pasture lands, situated in North township, Marshall county, State of Indiana; * * * that all said lands abut on the west line of the right of way of the Terre Haute & Logansport Railroad, which was constructed through said lands and through said county, from Logansport, Indiana, to South Bend, Indiana, about twenty years ago, and which has been operated and controlled by you ever since its completion. There is no fence on your right of way through said lands, and my cattle and other stock are continually. getting on your right of way through said lands, and on your roadbed from off said lands, for the reason that you have no fence on your right of way to keep them off. Now, you are hereby notified that I intend to enter upon your land, right of way and railroad track and build a good and sufficient fence on your right of way through my lands at your cost and expense, unless you shall cause such fence to be built within thirty days after the service of this notice on your nearest shipping agent to my lands.

Dated July 2, 1904. Charles C. Kanarr."

It was found that said Montgomery, July 5, 1904, was, and for the past three years had been, continuously, employed by the defendant Terre Haute & Logansport Railway Company, as its agent for receiving and shipping freight at its station at Lapaz Junction, Indiana, which was the nearest freight receiving and shipping station of that railroad to the appellee's said lands. This notice was served on Montgomery at his office in said station by reading it to him, and by leaving a duplicate thereof with him. When this notice was received by him, he immediately sent it to the superintendent of the defendant Terre Haute & Logansport Railway Company, at Logansport, Indiana, and he did not send it to the Terre Haute & Indianapolis

Railroad Company. During all the time said defendant was the owner of the railroad in question, and in possession thereof and operating it, there was a railroad corporation in this State known as the Terre Haute & Indianapolis Railroad Company, owner of a line of railroad from Indianapolis to Terre Haute, Indiana, but the last-named company was not in possession of said railroad and right of way of the defendant Terre Haute & Logansport Railway Company, or operating or controlling the same, after November 30, 1898. Other portions of the finding need not be set forth.

Section 5324 Burns 1901, Acts 1885, p. 224, §2, relates to the method of proceeding if the railroad corporation, etc., neglects or refuses to construct the fence, etc.; while §5325 Burns 1901, Acts 1885, p. 224, §3, relates to the keeping in good repair of the fence, etc., which has been completed. In the portion of the latter section providing for the giving of notice by the landowner to the agent receiving and shipping freight at the station nearest the land in question, it is provided that the landowner may notify such agent in writing "that a portion of the fence is out of repair, stating where the same is out of repair, and the probable cost of making such repair." In the former section relating to the construction of a fence, etc., it is not provided that the notice to the agent shall state the probable cost. The notice given by the appellee fulfilled the requirement in this regard of §5324, *supra*. It is manifest that the notice contemplated the building of a new fence, and not the repairing of an old one; and we are of the opinion that the facts of the case as found by the court authorized the appellee to proceed in such manner, a new fence being required under the circumstances, and not the repairing of certain portions of an existing fence sufficient except as to such portions.

Much stress has been placed here upon the manner in which the thirty days' notice was addressed—to the Terre

Haute & Indianapolis Railroad Company, etc.

3. The notice clearly designated the locality where the fence was needed—between the right of way of the defendant Terre Haute & Logansport Railway Company and certain described land owned and occupied by the appellee in a designated township, etc. It was served upon the proper agent of the last-named company, and by him was sent at once to his own company. The mistake in the address at the beginning of the notice was one which could not mislead the company which so received the notice. It gave the defendant company all the necessary information contemplated by the statute. It could not ignore the notice and thereby escape liability for the reasonable value of a proper fence constructed by the appellee at a place where the railroad corporation was bound by statute to construct and maintain such a fence. The statute is remedial, and must be liberally applied to the facts.

Judgment affirmed.