## VANDALIA RAILROAD COMPANY v. SELTENRIGHT ET AL.

[No. 6,000. Filed. December 13, 1907.]

1. RAILROADS.—*Fences.—Repairing by Landowner.—Discretion.*—
Where a railroad company, upon demand, refuses to repair its
fence along its right of way, the abutting landowner is entitled
to use his discretion, subject to judicial review, whether he
should use the old and decayed materials in making repairs, or
should build a new fence. p. 660.
2. SAME.—*Fences.—Location.*—Where a railroad company refused,
upon demand, to repair the fence along its right of way, an abut-
ting landowner, building a new fence upon a line staked by the
company's supervisor, is entitled to recover, though such fence
be a few inches from the true line. p. 661.

From Marshall Circuit Court; *Harry Bernetha*, Judge.

Action by Charles E. Seltenright and another against the
Vandalia Railroad Company. From a judgment for plain-
tiffs, defendant appeals. *Affirmed.*

*Samuel Parker, John G. Williams, Andrew Anderson*, and
*W. G. Crabill*, for appellant.

*Harley A. Logan*, for appellees.

COMSTOCK, J.—Appellees sued appellant to recover the
value of a fence constructed by them along appellant's right
of way abutting upon the same. Steps were taken by appel-
lees, leading up to the construction of the fence by them and
to the bringing of this action, under the third section of the
act of July 18, 1885 (Acts 1885, p. 224, §5449 Burns 1908).
The complaint is in one paragraph. A demurrer for want
of facts was overruled. The answer was a general denial.
The trial was by the court, without a jury, and upon the
written request of appellant special findings were made and
one conclusion of law stated thereon. In substance, the con-
clusion of law was that the appellees were entitled to recover
the reasonable value of the fence constructed by them, being
$72.24, and their attorney's fee, being $25, and costs. Judg-
ment was rendered against appellant for $97.24 and costs, on
the findings and conclusion of law.

The appellant assigns for reversal that the court erred (1) in overruling the demurrer to the complaint; (2) in its conclusion of law upon the facts found.

Two of the points made and discussed by appellant are as follows: (3) A landowner has no right, under §5449, *supra*, to cast aside materials that are fit for use, and with which, together with other materials, the fence might be properly repaired, and construct an entirely new fence. (4) A landowner who constructs a new or repairs an old fence, under §§5448, 5449 Burns 1908, Acts 1885, p. 224, §§2, 3, must locate the fence at the extreme edge of the right of way next to his land. That part of the special findings pertaining to said third point is as follows: "The old right of way fence at said time, and when the thirty days' notice was served upon the defendant, had been constructed of posts set in the ground and wires strung thereon, and one board nailed to the tops of the posts. In many places along the plaintiffs' said lands the posts were down, and those standing were rotted and decayed, the boards were off the posts, some of the wires were rusted, and all the wires were old. The wires not broken might have been used, as might, also, some of the posts, in repairing the old fence, which repairing might have been done with much less expense than was required to make a new fence, and the fence so repaired would have served for from two to four years, and the same could have been made, by the use of such part of the old wires as was fit for use, and other wires, a fence that would have turned horses, cattle, mules, sheep, hogs and other stock." Under the facts found it was for the appellees to exercise their judgment, subject to review by the court, as to the propriety of using the old material, appellant having refused to do the work. Upon this question the Supreme Court in *Terre Haute, etc., R. Co.* v. *Erdel* (1904), 163 Ind. 348, said: "This discharged the company's obligation under §5324 Burns 1901, Acts 1885, p. 224, §2, and the new duty of keeping it up, or 'in good repair and sufficient to

answer the purpose for which it was constructed,' arose under §5325 Burns 1901, Acts 1885, p. 224, §3.   This later duty was not performed; and, appellant having failed to repair after notice that the fence had become decayed and dilapidated, appellee had the right to enter and restore the fence.   In doing so, if he found, as he did, the fence broken and down, and the materials of which it had been constructed rotten and unfit to be used in the formation of a proper fence, a substitution of all new and suitable materials in the reconstruction was permissible within the meaning of §5325, *supra,* and precisely the thing he should have done.''

As to said fourth point, the court found that, ''shortly before plaintiffs commenced the construction of the fence built by them, Charles E. Seltenright, one of the plaintiffs, and Solomon Miller, one of defendant's section foremen, acting under instructions from Mr. Bowen, defendant's supervisor, measured off a line   *   *   *   and set three stakes.   *   *   *   The plaintiffs built their said fence practically on the line of said stakes.   The fence so built by them was set from six to eight inches within and towards the track from the line of the old fence that had been built by the defendant's predecessor in the spring of 1885.   This old fence had divided the lands of the plaintiffs from the right of way from the time it was built to the time the plaintiffs took it down immediately before and preparatory to the building of the new fence, and the line of said old fence had been recognized and treated during all said times as the line dividing plaintiffs' said land from the right of way.   At the time said stakes were set said Solomon Miller stated to said plaintiff Charles E. Seltenright: 'That is the line on which to build your fence.' ''   The court's sixth finding was that on May 26, 1905, the plaintiffs entered upon the lands and right of way of the defendant where the same abuts plaintiffs' described lands, and, after removing the material and debris of the old right of way fence, and after depositing

the same on the right of way, proceeded to and did build and erect a good and sufficient woven wire fence along the right of way on the west side thereof, where same abuts plaintiffs' lands, etc. The findings show that the fence was built by appellees, after appellant had refused to repair or rebuild the same, upon a line within from six to eight inches of the line of the original fence, which line was designated by the representative of appellants. After the fence was, under such conditions, located, constructed and used, with the knowledge of appellants, a mislocation of a few inches, while not concluding appellant as a boundary line, cannot be set up as a defense for money expended under the statute. in replacing a fence practically worthless for the benefit of appellant. The other questions discussed are presented and considered. in *Vandalia, etc., R. Co.* v. *Fetters, ante,* 615.

Judgment affirmed.