## Vandalia Railroad Company *v.* Shadle.

[No. 6,008.  Filed December 17, 1907.]

1. Appeal.—*Parties.—Successors.—Assignments of Errors.*—A company succeeding to the rights and duties of the judgment defendant company, in order to appeal from the judgment, must allege in the assignment of errors the facts showing that it is the legal successor of defendant.   p. 683.

2. Pleading. — *Complaint.* — *Railroads.* — *Fences.* — *Repairing.*—A complaint, under §5325 Burns 1901, Acts 1885, p. 224, §3, providing for the "repair" of a railroad right of way fence by the abutter, upon refusal to repair by the company, does not need to negative any of the exempting provisions of §5323 Burns 1901, Acts 1885, p. 224, §1, providing for the building of a fence in the first instance.   p. 684.

From Fulton Circuit Court; *Harry Bernetha*, Judge.

Action by Charles W. Shadle against the Terre Haute & Logansport Railway Company. From a judgment for plaintiff, the defendant's successor, the Vandalia Railroad Company, appeals. *Affirmed.*

*Samuel Parker, Enoch Myers, Andrew Anderson,* and *W. G. Crabill,* for appellant.

*Holman & Stephenson,* for appellee.

Comstock, J.—Appellee recovered judgment against appellant for $81.45, for building a fence along the appellant's right of way, on his land, and for attorneys' fees.

The only error relied upon is the overruling of the demurrer, for want of facts, of the Terre Haute & Logansport Railway Company, to the complaint:

The action was prosecuted to final judgment against the Terre Haute & Logansport Railway Company, but, while the action was pending, that company and four other railroad companies were consolidated under the laws of Indiana, and became one company, under the name of Vandalia Railroad Company. This last-named company, making appropriate averments showing the consolidation and its succession to the rights and duties of the Terre Haute & Logansport Railway Company, assigns errors on the record of this cause and is the appellant in this appeal.

The complaint, in substance, avers that the plaintiff is now, and for more than ten years last past has been, the owner of a certain piece of real estate (describing the same) in Fulton county, Indiana, lying west of the defendant's railroad right of way; that said land lies about one mile south of DeLong station; that said station is maintained by the defendant company and is the nearest station to plaintiff's said land, where freight is shipped and received; that defendant maintained an agent at said station; that the plaintiff's east line of said tract of land is the west line of the defendant's right of way; that the defendant's railroad was constructed, and its right of way along the plaintiff's said line fenced, prior to the year 1885; that for some time previous to October 31, 1900, said fence became so out of repair that it would not turn stock of any kind, and that it became necessary to build substantially a new fence; that prior to October 31, 1900, plaintiff called defendant company's attention to said fence, and requested that it be rebuilt; that the defendant failed and refused to rebuild the same or to repair it; that thereafter, to wit, on November 1, 1900, the plaintiff served notice upon Charles Apt, the company's agent at said station of DeLong, both by reading to him and by leaving with him a true copy of the notice, informing the company that said

fence was out of repair and would not turn stock, describing and giving the line of the fence, being the fence along the west side of the company's railroad track, and further informing the company that if the same was not put in repair so as to turn stock as required by law, within the time fixed in the law, the defendant would make the repairs and charge the expense thereof to the defendant as fixed by statute; that the defendant failed and refused to rebuild or repair said fence, or to offer to do so; that the plaintiff, in accordance with said notice and his authority under the law, on November 5, 1901, commenced the construction of said fence, and completed the same on April 11, 1901, building the same on the extreme west edge of the company's right of way; that the material and labor therefor cost, in the aggregate, $41.55 (setting out the items for material and labor aggregating said amount) ; that on April 22, 1901, plaintiff furnished to said Apt, as the agent of said company, an itemized statement of said material and labor, which statement was sworn to by the plaintiff on April 22, 1901, and the receipt thereof duly acknowledged by Apt on said day; that said company failed and refused to pay said sum. Wherefore the plaintiff demands judgment, etc.

The objection made to the complaint is that it does not negative or attempt to negative the exceptions contained in §5323 Burns 1901, Acts 1885, p. 224, §1. The objection is not well taken because the action is based upon §5325 Burns 1901, Acts 1885, p. 224, §3. It is an action to recover for the rebuilding of a fence which, for years, had been permitted by the defendant to be and remain out of repair, and which the defendant had refused to rebuild or to repair. This is manifest from the complaint and the notice under which the plaintiff proceeded. Said section contains no exceptions that should be negatived. No other objection being pointed out to the complaint, the judgment is affirmed.

Judgment affirmed.