## VANDALIA RAILROAD COMPANY *v.* WALSH ET AL.

[No. 6,508. Filed October 5, 1909.]

APPEAL.—*Technicalities.—Penalties.—Railroads.—Fences.*—Where a railroad company persistently refuses to build fences along its right of way, and on technical grounds attempts to evade payment therefor to the persons constructing same, the Appellate Court may impose a penalty in affirming a judgment for the cost of such construction.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by William W. Walsh and another against the Vandalia Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Enoch Myers* and *Samuel Parker,* for appellant.
*Holman & Stephenson,* for appellees.

HADLEY, C. J.—This is an action instituted by appellees against appellant to recover the cost of erecting a fence along appellant's right of way and appellees' land.' There is no claim that the fence built by appellees was not properly constructed, nor that the claim therefor was exorbitant. It is not denied that the old fence was decayed, broken down and wholly worthless for any purpose, nor that appellant had the statutory, as well as other actual notice of the condition of the fence and of the intention of appellees to rebuild, and of appellees' having rebuilt the same. Neither was there any attempt to show that the fence was not rebuilt, as averred, nor that appellant was not required by law to construct and maintain the same. The whole contention of appellant is based upon technical objections to the procedure in the court below, none of which goes to the substantial merits of the case.

It appears from the records that this case is a companion case to *Terre Haute, etc., R. Co.* v. *Erdel* (1904), 163 Ind. 348; *Vandalia R. Co.* v. *Fetters* (1907), 40 Ind. App. 615; *Vandalia, R. Co.* v. *Sellenright* (1907), 40 Ind. App. 659; *Vandalia R. Co.* v. *Shadle* (1907), 40 Ind. App. 682; *Vandalia R. Co.* v. *Stephens* (1906), 39 Ind. App. 11; *Terre Haute, etc., R. Co.* v. *Salisbury* (1906), 38 Ind. App. 100; *Vandalia R. Co.* v. *Kanarr* (1906), 38 Ind. App. 146; *Terre Haute, etc., R. Co.* v. *Salmon* (1903), 161 Ind. 131; *Terre Haute, etc., R. Co.* v. *Earhart* (1905), 35 Ind. App. 56; *Vandalia R. Co.* v. *McAninch* (1909), 43 Ind. App. 231, and *Vandalia R. Co.* v. *Cox* (1909), 43 Ind. App. 736. All of which cases originated along the same division of appellant's road, and comparatively near the same time. In none of which, as in this case, did appellant interpose any defense to the merits of the cause, but sought to delay or defeat recovery by technical objections, none of which was sustained by the court. The records exhibit a persistent violation of statutory duty on the part of appellant—a statute that was enacted as much for the protection of the traveling

public as the abutting landowner—and show a disposition on the part of appellant to neglect its duty, and thereby endanger the traveling public, annoy and wrong the abutting landowner, and hinder, delay, and, if possible, avoid the payment of a legal and honest debt, thus presenting an illustration of vexatious litigation, that crowds our courts to the detriment of meritorious actions, and which should not go unrebuked.

The cases before cited determine every question involved in this appeal against appellant, and the judgment is affirmed with ten per cent penalty.