PEORIA, DECATUR AND EVANSVILLE RAILWAY COMPANY

*v.*

MARY A. DUGGAN.

*Filed at Springfield March 26, 1884.*

1. ATTORNEYS' FEES—*in suits against railroad corporations—notice.* The statute making a railway corporation liable to the owner of animals injured or killed on its track when it has failed to make and keep in repair fences, etc., and also for reasonable attorney's fees, is notice to such corporation, when sued for such an injury, that such attorney's fees will be claimed, and it is not necessary it should have any other notice.

2. SAME—*when the liability accrues—and how the recovery may be had.* The liability of a railway company for attorney's fees in an action to recover for an injury to animals, growing out of its neglect to fence its track, etc., under the act of 1879, arises at the same instant with its liability for damages, and such fee may be assessed in the same suit with the damages, the law not favoring a multiplicity of actions.

3. SAME—*constitutionality of the act.* The act of 1879, making railway corporations liable for attorney's fees in addition to the damage sustained by the owners of stock by the killing or injuring the same, through a neglect to fence their roads and keep the same in repair, is not open to the objection of being special legislation, in singling out one class of corporations alone. The statute may be upheld as being in the nature of a penalty for non-compliance with the duty of fencing, and as a police regulation, not only for the protection of animals, but for the public welfare, and as a measure for the safety of travel on railroads.

4. As a police regulation for the promotion of the public safety in travel by railroads, the legislature may well require the fencing of such roads, and provide penalties for securing the performance of such requirement.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. STEVENS, LEE & HORTON, for the appellant.

Messrs. MEEKER & SMYSER, for the appellee.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This action was commenced before a justice of the peace, to recover the value of five hogs alleged to have been killed by a train on the railroad of the defendant. The case was appealed to the circuit court, and there tried before the court and a jury, resulting in a verdict for the plaintiff for $55, upon which judgment was rendered, and on appeal to the Appellate Court for the Third District it was affirmed, and an appeal taken to this court, the requisite certificate having been made.

The suit was brought under the act of the General Assembly relating to fencing by railroad companies, approved May 29, 1879. (Laws 1879, 224, 225.) The act imposes on all railroad companies the duty of fencing their tracks, maintaining cattle-guards, etc., and then uses the following language: "And when such fences or cattle-guards are not made as aforesaid, or when such fences or cattle-guards are not kept in good repair, such railroad corporation shall be liable for all damages which may be done by agents, engines or cars of such corporation to such cattle, horses, sheep, hogs, or other stock thereon, and reasonable attorney's fees, in any court wherein such suit is brought for such damages, or to which the same may be appealed," etc.

On the trial in the circuit court, the court, against the objection of defendant, admitted evidence that $15 was a reasonable attorney's fee for attending to the suit in that court, and the court instructed the jury that if defendant was liable for damages, it was also liable for reasonable attorney's fees in the case. The propriety of the allowance of the attorney's fee is the only question which is presented.

It is objected, first, that no claim for attorney's fees was filed with the bill of particulars in this case; that that was simply a memorandum of the stock killed, and its value, and

no notice was given defendant of such a claim for attorney's fees until the witness was called to prove their value. In respect of this we think the statute itself is sufficient notice to the defendant that the claim will be made, and the defendant should be prepared to make any resistance to it.

The next objection is, that the attorney's fee can not be included in the same judgment for damages done to stock by the company's trains. It is said that the statute gives an attorney's fee, but that the right to it is not perfect till the performance of the service for which it is given, and that it is a fixed rule of law that no recovery can be had in any suit, except for causes of action perfected before the commencement of the suit. Although this be the general rule of the common law, it is competent for the legislature to vary it in any given case, so that we need but inquire here what was the legislative intention in this regard. The *liability* for attorney's fees exists at the time the suit is commenced. It arises at the same instant with the suit for damages, and although it be that the services for which the attorney's fee is given are performed during the progress of the suit, the fee may most fitly and conveniently be assessed in the same suit with the damages. There is no substantial reason why the plaintiff should be put to an additional suit for the recovery of the attorney's fee. The law does not favor the multiplicity of suits. The mere technical reason that the attorney's services had not been rendered at the time of the commencement of the suit, should weigh nothing against the intendment of the statute. The liability which is created by the act is for the damages and attorney's fees conjunctively, and, in our opinion, it was the intention of the legislature that they should be assessed together in one and the same action, such intention being derived from the language of the act.

The further objection is made that this provision for attorney's fees is unwarrantable, as being special legislation, in

singling out one class of corporations and attaching this liability to one class of cases. This provision may be upheld as being in the nature of a penalty for non-compliance with the statutory duty of fencing. The requirement of the fencing of railroad tracks is not alone for the private benefit of the owners of stock along their lines, but it has respect to the public welfare as well, as a measure for the safety of travel on railroads. As a police regulation for the promotion of the public safety in that respect, the legislature may well require the fencing of their railroad tracks by railway companies, and provide penalties for securing performance of the duty.

The judgment must be affirmed.

*Judgment affirmed.*