## CHICAGO & ALTON RAILROAD CO.
## V.
## CHARLES E. HENRY.

ATTORNEY'S FEE—AMENDING ACCOUNT.—Where in an action for killing stock appellee did not claim attorney fees when he filed his account with the justice. *Held*, that it was proper to permit him on trial in the circuit court to amend his account and add such fees.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed December 4, 1885

Messrs. BROWN & KIRBY, for appellant.

Mr. WILLIAM A. CRAWLEY, for appellee; that the amendment was proper, cited W., St. L. & P. Ry. Co. v. Lavieux-14 Bradwell, 469.

CONGER, J. This was an action originally commenced before a justice of the peace by appellee against appellant, and on appeal to the circuit court a judgment was rendered against appellant for $81 and costs. The account as filed with the justice, was for damages to the amount of $61, claimed for killing one steer and four pigs of appellee by the train of appellant. During the trial in the circuit court, appellee was allowed, against the objection of appellant, to amend his account by adding thereto a charge of twenty dollars for attorney's fees.

The evidence is quite conflicting, both in reference to the question whether the steer was killed upon a public crossing, or at a point where the company were required to fence, and as to the question of negligence upon the part of the company's employes, and in such cases, unless the jury have been erroneously instructed upon questions of law arising in the case, the verdict ought not to be disturbed.

The first assignment of error is based upon the fact that the circuit court permitted appellee to amend his account and add a charge for attorney fees, upon the trial of the cause. It is insisted that the claim for attorney fees may be waived and that appellee, by not claiming it when he filed his account with the justice, did waive such claim, and is precluded from afterward claiming it. In P. D. & E. Ry. Co. v. Duggan, 109 Ill. 537, the court uses this language:

"It is objected, first, that no claim for attorney fees was filed with the bill of particulars in this case; that that was simply a memorandum of the stock killed, and its value, and no

notice was given defendant of such a claim for attorney's fees until the witness was called to prove their value. In respect of this we think the statute itself is sufficient notice to the defendant that the claim will be made, and the defendant should be prepared to make any resistance to it." This case we think fully settles the question raised.

Objection is made to appellee's 4th and 5th instructions for the reason, as claimed by appellant, that it does not clearly inform the jury that the right to recover for attorney fees should be limited to fees for services for recovering damages resulting from injury to stock on account of failure to fence, etc.

We fail to see the force of this criticism. The evidence of Mr. Whitlock, the witness examined upon the subject of the value of attorney fees, is based solely upon a recovery for the pigs killed, while both instructions in unequivocal language limit the right of recovery to the same grounds.

The modification of appellant's 7th instruction worked no hardship from the fact that the jury found the appellant liable for the steer, and in such case the question of the tender for the pigs was not important.

From a careful examination of the whole record we think substantial justice has been done, and therefore the judgment of the circuit court will be affirmed.

Affirmed.