# Toledo, St. L. & K. C. R. R. Co. v. Anderson.

1. *Statutes—Construction.*—Section 1½ of the act in relation to fencing and operating railroads, approved March 31, 1874, declaring it to be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds or other dangerous combustible material, and for neglect shall be liable to all the penalties named in section 1 of the same act, requiring them in the cases and with exceptions specified to erect and construct cattle guards to prevent live stock from getting on the road, the penalty therein named for neglect to do so being a liability to the amount of damages done by their agents or cars to stock, and reasonable attorney fees in any court wherein suit is brought for such damages were imposed, *held*, that the attorney fees were imposed as a penalty for the destruction of inanimate property by fire occasioned by dry grass, etc., being left upon its track, in addition to the actual damage.

2. *Railroads—Attorney's Fee—Action for Damages by Fire.*—In an action against a railroad company for damages by fire communicated from an engine by dead grass and dry weeds negligently left on its right of way, and for an attorney's fee, as a penalty under sections 1 and 1½ of the "act in relation to fencing and operating railroads," approved March 31, 1874, and the amendments thereto, the court gave the following instruction to the jury: "If you find, gentlemen of the jury, from the evidence in the case, that this fire was set by a passing engine on this railroad, then of course they are liable for damage done by fire; and if the fire originated inside of the right of way, on account of the right of way being in a foul condition with dead grass and dry weeds upon it, whereby the fire was started, and from that carried over to the meadow and from there to the stacks, then Mr. Anderson is entitled to receive his attorney's fee in addition to the damage he sustained, which is agreed in this case to be $15. If the fire originated outside the right of way in the meadow, then he would not be entitled to his attorney's fee, but he would be entitled to his damage for the hay and rails. You can render the verdict, gentlemen, according to the evidence and the instruction, and bring it into court. If the court is not in session, sign and seal it and give it to the bailiff. The form of the verdict will be, ' We, the jury, find for the plaintiff and assess the damages at ' so much, the amount you agree upon including the attorney's fee or not, as you may find, from the evidence, where the fire originated." *It was held*, that since 1879 the statute has imposed for the wrongs complained of as a penalty, in addition to the actual damages, a reasonable attorney's fee, and that the instruction was right.

**Memorandum.**—Action for damages from fire. Appeal from a judgment rendered by the Circuit Court of Coles County; the Hon. JAMES

T., St. L. & K. C. R. R. Co. v. Anderson.

F. Hughes, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1891, and affirmed. Opinion filed October 24, 1892.

The opinion of the court states the case.

## Appellant's Brief.

The court erred in instructing the jury that appellee was entitled to recover attorney's fees in case fire started on right of way by reason of dry grass and weeds being thereon. In 1879, section 1 of the act in relation to fencing and operating railroads, approved March 31, 1874, was amended by inserting the clause with reference to attorney's fees. Section 1, page 224, Act of 1879. The present statute is the same as that of 1879.

It is a familiar rule of law that penal statutes should be strictly construed. Edwards v. Hill, 11 Ill. 22; Erlinger v. Boneau, 51 Ill. 94; C. & N. W. Ry. Co. v. Stambro, 87 Ill. 195; People v. Utica Cement Co., 22 Ill. App. 159; People v. Peacock, 98 Ill. 172.

There is no penalty provided in section 1 for damages caused by allowing dry grass and weeds to grow upon right of way. Section 1½ is now as it was enacted in 1874, but section 1 has been changed twice since. Whether there is any penalty at all provided for in that section in the strict sense of the word is doubtful. From 1877 to 1879 there was no pretense of any penalty; the party injured simply received compensation for stock damaged by reason of want of fence. What penalty is referred to in section 1½? Evidently not attorney's fees, for, as before stated, section 1½ was passed in 1874, and not till 1879 was the clause with reference to attorney's fees inserted. Can it be claimed that the penalty is an ever-changing one and attaches to whatever penalty may at any time be named in section 1?

Wiley & Neal, attorneys for appellant.

## Appellee's Brief.

" When there is no conflict in the evidence, no dispute as to the facts, there is nothing to submit to the jury, and the

question is one of law. * * * In such cases it is proper for the court to direct the verdict, and a verdict thus ordered will be sustained if the law and the facts disclosed by the evidence warrant it." Thompson on Trials, Vol. 2, Sec. 2243, p. 1597; Noyes v. Rockwood, 56 Vt. 647.

Under the first count of the declaration all that plaintiff was required to show, was that right of way was foul with dead grass, dry weeds, etc., and that the fire originated thereon and communicated to the hay, etc., of plaintiff. The Pittsburg, Cincinnati & St. Louis Ry. Co. v. Campbell, 86 Ill. 443.

Under the second count, to make *prima facie* case, it was only necessary to prove that the fire was communicated by a passing locomotive of defendant. S. & C. Annotated Stat., Sec. 1, p. 1949.

In our view of this, sections 1 and $1\frac{1}{2}$ in fact constitute but one section and should be so considered.

The duty to fence the right of way, and keep the same clear from dangerous combustible matter, is imposed by the statute, and a failure to comply with either is negligence. Pittsburg, Cincinnati & St. Louis Ry. Co. v. Campbell, 86 Ill. 413.

The attorney fee is in the nature of a penalty for non-compliance with a statutory duty. Peoria, Decatur & Evansville Ry. Co. v. Duggan, 109 Ill. 537.

The penalty referred to in section $1\frac{1}{2}$ is the same penalty or remedy provided by section 1, viz., damages sustained and reasonable attorney's fees.

In construing statutes the intention of the law maker is sought; the mischief which the law was intended to remedy is oftimes resorted to to ascertain such intention. Ball v. Chadwick, 46 Ill. 28.

When the evidence shows that the right of way was not kept clear of dry grass, etc., and fire originated thereon, a recovery could be had under section $1\frac{1}{2}$. C. & E. I. R. R. Co. v. Goyette, 32 Ill. App. 574.

E. P. ROSE, attorney for appellee.

OPINION OF THE COURT, *the Hon. George W. Pleasants, Judge.*

July 13, 1890, a fire consumed some hay, rails and hedge of appellee, for which he brought this action, claiming that it was communicated from a locomotive engine of appellant by dead grass and dry weeds negligently left on its right of way. In addition to the value of the property so destroyed, he claimed an attorney's fee, as a penalty; and it was agreed that if so entitled, fifteen dollars was a reasonable amount. The jury were instructed that if they found the fact to be as claimed by plaintiff they should allow it; which they did, and it was included in the verdict and judgment.

It is not denied that the evidence clearly tended to prove the case as alleged, but the question made is whether any such penalty was prescribed by the statute.

Section 1½ of the "Act in relation to fencing and operating railroads," approved March 31, 1874, declares "it shall be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds, or other dangerous combustible material, and for neglect shall be liable to the penalties named in section 1."

Section 1 required them, in the cases and with exceptions specified, to erect fences and construct cattle guards to prevent live stock from getting on the road; and the only penalty "named" therein for neglect to do so was a liability for "double the amount of damages" thereby done by their agents, engines or cars to such stock. By an act of May 23, 1877, it was amended by reducing the liability to actual damages so done; and, finally, by an act of May 29, 1879, it was further amended by adding to the liability clause the provision "and reasonable attorney's fees in any court wherein suit is brought for such damages, or to which the same may be appealed."

Section 1½ has never been (amended) changed, or expressly repealed, but been continued in the authorized revisions and publications of the statutes precisely as originally enacted; and the vindicatory part of section 1 has remained unchanged ever since the passage of the amendment last above

referred to. So when the act here complained of was committed, the statute relating to it, as published by authority of the legislature, was, and for more than ten years had been, just as it appeared when this suit was brought, and still appears. It is, therefore, clear that if the vindicatory part of section 1½ has any force, it prescribes as a penalty for neglect to comply with the mandatory part, causing damage, the payment of reasonable attorney's fees in any suit properly brought to recover such damage; for it prescribes no other, nor even, according to the contention of appellant, any liability for actual damages.

The position taken is that when it was enacted the only penalty "named in section 1" being double the amount of the damages done, the legislature must have intended nothing else for a violation of section 1½; that its operation as originally intended can not be diverted or extended by any subsequent amendment of a preceding section which does not express or in some way manifest an intention to that effect, and that by the amendment of 1879 no such intention was manifested.

We agree that it is a question of legislative intention, but hold that this might be shown otherwise than by the terms of the amendment, and are of opinion that it was so shown in this instance.

The object of section 1 was the protection of live stock, that being the kind of property peculiarly exposed, and the penalty prescribed for neglect to comply with its requirement was double the amount of damage thereby done to such stock. That of section 1½ was not so limited, but had reference to combustible property of all kinds; and yet the penalty for neglect in that case was the same. By the strict letter of that section, then, no penalty could be recovered for inanimate property destroyed or damaged through neglect to obey it. But we apprehend that no court would so construe it. The intention of the legislature clearly was to place violations of section 1 and of section 1½ upon a like footing as to penalty, by making it in each case double the amount of damages thereby done to the property exposed;

live stock in one, and inanimate property, real or personal, in the other. This is plain enough from the language used in the latter section, though it might have been better expressed. The penalty intended could be there indicated as well by reference to the preceding section as by its repetition or statement in full. Any subsequent legislature could abolish or change the penalty thus prescribed for both or either of these wrongs; and that a change expressed in the first, with a retention of the reference in the second, would affect a like change in the latter, seems to us a proposition too simple for analysis and too obvious for argument. That is just what the legislature of 1879 did. Whether the prescription of the penalty in the original act had or had not ceased to be operative under the intervening amendment of 1877, that would not interfere to prevent this effect of its action. It found section 1½ with its reference to the penalties named in section 1, still on the statute book, prescribed a penalty in section 1 which would make such a reference operative, and then left it as it found it, section 1½ of the act. This was a recognition or adoption, amounting in legal effect to a re-enactment of it.

We therefore hold that ever since 1879 the statute has imposed for the wrong here complained of as a penalty, in addition to the actual damage, a reasonable attorney's fee, and the instruction on that point was right. The evidence on the part of plaintiff was positive, full and clear, and none whatever was offered on that of defendant. The liability for a reasonable attorney's fee was, therefore, the only question in the case. Judgment affirmed.