Bradbury, J.
The defendant in error on August 22, 1893, filed before R. R. Patterson, a justice of the peace in and for Athens county, Ohio, the following bill of particulars:
“ Hiram Rosser, plaintiff v. The Hocking Valley Coal Company, defendant.
“The defendant is a corporation, duly organized under the laws of Ohio, and doing business in Nelsonville, Ohio. Defendant is indebted to plaintiff in the sum of $6.82 for work and labor done and performed in and about the coal mines of said defendant . during the months of July and August, *19 1893, and at the request of said defendant. • Said sum is due and unpaid; frequent requests have been made for payment of the same. On the 18th day of August, 1893, plaintiff served upon defendant a notice in writing, demanding payment of said sum within three days thereafter. Said defendant has neglected and refused to pay said sum within three days thereafter in compliance with said demand.
“Therefore plaintiff prays judgment against said defendant for said sum of $6.82, and for his costs in this action, and for his attorney’s fee of $5.00, and interest from August 10, 1893.
“Buckley & Pettit,
“Attorneys for Plaintiff.”
The defendant below, plaintiff in error in this court, was duly served with summons, but did not appear before the justice at the time of trial nor make any defense against the claim of the plaintiff below. Whereupon the justice of the peace, upon the testimony presented by the plaintiff below, rendered judgment for him and against the defendant below for $6.82, the exact amount claimed, together with costs of suit and an attorney fee of five dollars.
Plaintiff in error appealed the cause to the court ■ of common pleas, where a petition was filed similar in all respects to the bill of particulars before quoted, except that an attorney fee of fifteen dollars was demanded instead of one of five dollars, as in the bill of particulars.
The plaintiff in error made no defense in the court of common pleas, and that court gave judgment against it for $7.00 and costs, including an attorney fee of ten dollars, five dollars of which was for services of an attorney in the court of com *20 mon pleas, and five dollars for such services rendered in the proceedings before the justice of the peace.
■ The plaintiff in error objecting to that part of the judgment of the court of common pleas which required it to pay attorney fees for the benefit of its adversary, moved the court to retax costs by striking out the items relating to such fees. The co'urt of common pleas overruled the motion, and exceptions were duly noted. This ruling of the court of common pleas having been sustained by the circuit court, the cause was brought to this court to reverse the action of those courts, upon the ground that the statute upon the provisions of which their rulings rest is unconstitutional and therefore void.
This statute, 89 Ohio Laws, 59, section 6563<rq provides:
“If the plaintiff in any action for wages recover the sum. claimed by him in his bill of particulars? there shall be included in his costs such fee as the court may allow, but not in excess of five dollars for his attorney. But no such attorney fee shall be taxed unless said wages have been demanded in writing and not paid within three days after such demand. If the defendant appeal from any such judgment and the plaintiff on appeal recover alike sum exclusive of the interest from the rendition of the judgment before the justice, .there shall be included in his costs such additional fee not in excess of fifteen dollars for his attorney as the court may allow.”
By virtue of the provisions of this statute, any claimant of wages may, in the first instance, determine the amount due him for wages from his employer, make written' demand for its payment, *21 which, if not complied with within three days, subjects the employer to the penalty of an attorney fee, if an action is afterwards brought to enforce the demand and the amount claimed is recovered therein. The amount due may, and often does, depend upon a numerous train of facts and circumstances, many of which may be in dispute between the parties. The most obvious of which is the number of days, weeks or months, during which the service had been continued, the rate of wages agreed upon, or, if no rate had been fixed,, the reasonable value of the services rendered;. whether payments had been made from time to-time on account, or whether a set off or counter claim existed between the parties by which the amount otherwise due would be reduced or entirely extinguished. Mutual accounts may have run be: tween the employee and employer for years, become complicated, and of doubtful and difficult solution. Whether this condition of things exists, or whether the claim is simply for the wages of a single day or week at a fixed price, is immateral in the purview of this statute. In either case by its terms the employee may in the first instance-fix the amount of his demand, and if he does this,, and serves the written notice prescribed, the employer contests the claim at his peril.
The language of the statute is imperative: “If the plaintiff * * * recover the sum claimed by him in his bill of particulars there shall be included in his costs such fee as the court may allow,” not to exceed five dollars in the court of the justice of the peace, or should the defendant'appeal the case a total of'fifteen dollars by the court of common pleas. The language requiring that the fee be allowed is mandatory; the court or justice *22 has no discretion in this respect; it must allow an attorney lee, the amount only is discretionary, within the limit prescribed; and that means that within such limits, the tribunal by which the judgment is rendered is bound to allow the value of the services rendered. Under the statute, to entitle the plaintiff to have an attorney fee taxed against the defendant, he is not required to show that the debtor had funds, which he wilfully or arbitrarily or even carelessly refused to apply to pay his debt, nor that a vexatious or dilatory defense had been made to defeat or delay the judgment. No other misconduct by the defendant is required than such as may be implied from a failure to comply with the peremptory written demand made upon him.
Whether the debtor interposes a vexatious defense, whether he makes an honest though unsuccessful one, or whether he makes none at all, but instead suffers judgment to be taken against him by default are all equally immaterial; in either case the statute denounces against him a penalty called an attorney fee, if an action is brought on the claim and judgment recovered for the sum demanded. The debtor may even acknowledge the debt and be solicitous for its payment, but, owing to straightened circumstances, fails to pay within the prescribed time, nevertheless the penalty is incurred.
In the case under consideration it appears by the bill of particulars that the written demand prescribed by the statute was made and that it was not complied with, within the three days. No other ground was alleged as the basis of the penalty. The record does not show any denial of the debt, by debtor, at the time the demand was made *23 or afterwards, or that it had funds with which it ,-could have paid the sum demanded. Afterwards, when an action was brought in the justice’s court on the claim, no defense was made, or obstacle whatever interposed to delay or embarrass the proceedings. Under these circumstances no intent to vex, or harrass the claimant, or delay the action, can be imputed to the plaintiff in error. The question submitted by it to the circuit court, and to this court, shows that its object in taking an appeal from the judgment of the justice of the peace, may be fairly attributed to its desire to be relieved from paying an attorney fee for the benefit of its antagonist, and thereby assert and vindicate an equal right to the protection of the courts of the state. • ’
Upon what principle can a rule of law rest which permits one party, or class of people, to invoke the action of our tribunals of justice at will, while the other party, or another class of citizens, does so at the peril of being mulct in an attorney fee, if an honest, but unsuccessful defense should be imposed?
A statute that imposes this restriction upon one citizen, or class of citizens, only, denies to him or them the equal protection of the law.
It is true that no provision of the constitution of 1851 declares in direct and express terms that this may not be done, but, nevertheless, it violates the fundamental principles upon which our government rests as they are enunciated and declared by that instrument in the Bill of Rights. The first section of the constitution declares that the right to acquire, possess and protect property is inalienable, and the.next section declares, among other things, that “Government is instituted for their *24 equal protection and benefit” of every person, while section 16 of article 1 provides that “All courts-shall be open, and every person, for an injury done him in his lands, goods, persons or reputation shall have remedy by due course of law,' and justice shall be administered without denial or delay. ’ ’
The .right to protect property is declared, as well as that justice shall not be denied, and that every one is entitled to equal protection. Judicial tribunals are provided for the equal protection of every suitor. The right to retain property already in possession is as sacred as the right to recover it, when dispossessed. The right to defend against an action to recover money is as necessary as the right to defend one brought to recover specific real or personal property. An adverse result in either case deprives the defeated party of property.
If the general assembly has power to enact the statute in- question, it could also enact one providing that lawyers, doctors, grocers, or any other class of citizens might make out their accounts, demand in writing their payment within a short time, which, if not complied with, would entitle the plaintiff to an attorney • fee in addition to his claim if he recover the amount demanded. We do not-think the general assembly has power to discriminate between persons or classes respecting the right to invoke the arbitrament of the courts in the adjustment of their respective rights.
The legislative power to compel an unsuccessful party to an action — generally the defendant — to pay an attorney fee to his opponent has received the attention of a number of courts of last resort, as well as laws which impose as a penalty double *25 damages or' some similar penalty for some wrongful or negligent act injurious to another. Where the penalty has-been imposed for some tortuous or negligent act the statute has generally, though not always, been sustained, but on the contrary, where no wrongful or negligent conduct was imputed to the defeated party any attempt to charge him with a penalty has not prevailed.
Millett v. People, 117 Ill., 294; State v. F. C. Coal & Coke Co., 33 West V., 188; Durkee v. City of Janesville et al., 28 Wis., 464; S. & N. Alabama R. R. Co. v. Morris, 65 Ala., 193 ; Wilder v. The C. & W. Michigan Ry. Co., 70 Mich. 382; Braceville Coal Co. v. The People, 147 Ill., 66; Wally's Heirs v. Nancy Kennedy, 2 Yerger (Tenn.), 554, Id. 260; The Atchinson & Nebraska R. R. Co., v. Baty, 6 Neb., 37; The State v. Loomis, 115 Mo., 307; San Antonio & A. P. Ry. v. Wilson, 19 S. W. Rep. (Texas), 910; Peoria, Decatur & Evansville Ry. Co. v. Duggan, 109 Ill., 537.
Various phases of this subject have received attention in the foregoing cases, as well as in some others, to which we do not deem it necessary to refer. The general tendency of these authorities is towards the result we have reached; but whether they do or do not support our conclusions, we are satisfied that the fundamental principles of government, declared by our bill of rights, clearly aiid unequivocally prohibits legislation of the character of that involved in this case.

Judgment alloioing an attorney fee reversed.