60   81
60   84

## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. G. M. Sellers.

1. RAILROADS—*Attorney Fees in Actions for Damages by Fire.*—In an action against a railroad company for damages by fire communicated from an engine, the allowance of an attorney fee as a penalty, under sections 1 and 1½ of the act in relation to fencing and operating railroads, approved March 31, 1874, is proper.

2. SAME—*Damage by Fire.*—It is made the duty of a railroad company, by statute, to keep its right of way clear from dead grass, weeds. etc., and it is liable for any damage done by fire, resulting from its failure to perform such duty.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

JOHN T. DYE, attorney for appellant; F. Y. HAMILTON, of counsel.

WELTY & STERLING, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT. Action on the case by appellee under Sec. 63, Chap. 114,

R. S. (S. & C. Stat., Vol. 2, p. 1933), to recover damages occasioned by fire to his fence and hedge. Judgment v. appellant company for $125, of which $95 was for damages by the fire and $30 for attorney's fees.

It was sufficiently proven that dry grass, weeds, etc., were permitted to accumulate on the right of way of a railroad which ran through appellee's farm, and that fire from trains passing over the railroad was communicated to such combustible matter on the right of way and from thence spread to appellee's fences on two occasions, and to his hedge at another time. Counsel for appellant company urge that it was not proven that the appellant company owned or operated the railroad or the trains upon it. The evidence was that the road and trains were operated and controlled by the "Big Four" Railroad Company.

Appellee's counsel insist that the appellant company is generally and popularly known as the "Big Four," and that judicial notice thereof should be taken. This we are not prepared to concede, but we think that it clearly appeared from the evidence that the witnesses and the counsel for both parties in course of the trial applied that designation to the appellant company, and adopted and used that contraction instead of using and repeating its lengthy corporate name.

It appeared from evidence produced on behalf of the appellant company that the section foreman of the "Big Four" reported the first of the fires to the company; that the claim agent of the "Big Four" visited the scene of the fire and endeavored to settle the claim of the appellee for the damages sustained by the first and second fires but failed, and such claims came before the proper higher officials of the appellant company, who continued such negotiations with appellee, and finally, as it is contended, agreed with him upon a sum to be paid him in discharge of such damages. A voucher was issued to him by the appellant company for the amount so agreed upon, but it was so framed as to release all claims for damages by fire to its date, and he declined to accept it because the third fire had occurred

while the settlement was in progress, from which he claimed additional damages not included in the voucher or settlement.

No adjustment being made, appellee brought this action to recover for the total of the damages occasioned by the three fires. It therefore clearly appeared in the evidence that the railroad which ran through appellee's farm was controlled and operated by the appellant company. The instructions given for the plaintiff below are not open to the objection urged against them, that they declare the appellant company liable if its right of way was not free of dry weeds, etc., whether the fire was occasioned thereby or not. But two instructions were given for the plaintiff. Both declared the statutory duty of the appellant to keep its right of way clear from dead grass, weeds, etc., and that it was liable for any damage done by fire resulting from a failure to perform the duty. These instructions also authorized the assessment of reasonable attorneys' fees for the plaintiff.

This court is committed to a construction of this statute making attorneys' fees collectible in such cases. St. L. & C. R. R. Co. v. Anderson, 48 Ill. App. 130. The constitutionality of such statutory provisions is affirmed by our Supreme Court in P. D. & E. R. R. Co. v. Duggan, 109 Ill. 537. Judgment affirmed.