## TERRE HAUTE & LOGANSPORT RAILWAY COMPANY v. EARHART.

[No. 5,156.     Filed March 10, 1905.]

RAILROADS.—*Rights of Way.*—*Fences.*—*Notice by Landowner.*—*Delay.* —Where a railroad company permits its fence along its right of way to decay and become useless, a landowner may give the statutory notice to repair same, and if such company does not begin such work within thirty days, the landowner may repair same at such company's expense, and the fact that such landowner waits for two years, after giving such notice, to begin such work of repair, when no injury to the company is shown by such delay, does not constitute any defense. *Terre Haute, etc., R. Co. v. Salmon,* 34 Ind. App. 564 followed.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Action by Andrew Earhart against the Terre Haute & Logansport Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Guenther & Clark* and *John G. Williams,* for appellant. *Joseph Combs,* for appellee.

ROBINSON, P. J.—Appeal from a judgment for the cost of a fence along appellant's right of way, rebuilt by the abutting landowner. The notice to build and repair the fence was given in June, 1901. Appellee rebuilt the fence in May, 1903, furnished appellant a statement of the expense on June 2, 1903, and brought this action August 3, 1903. Appellant objected to the introduction in evidence of the statement of the expense, upon the ground that it was not served upon appellant within a reasonable time after the

notice to rebuild and repair was given. The statute (§5325 Burns 1901, Acts 1885, p. 224, §3) does not provide within what time after the expiration of the thirty-days' notice the landowner shall make the repairs. The statute makes it the duty of the company to maintain the fence. It is bound to know whether the fence is such as the statute requires. The purpose of the notice is not simply to inform the company that the fence is out of repair—it already knows that—but is to inform the company that if the fence is not repaired the landowner will repair it at the company's expense. The duty to repair proceeds from the statute, not from the notice. The landowner must give the company at least thirty days to do or begin the work. He must wait that long before doing the work himself. In response to the notice given by appellee, the company did nothing at any time. The evidence shows that, when the notice was given, the old fence was practically gone, and that a new fence was needed; that is, that the extent of the repairs when actually made was not different from that required when the notice was given. No advantage could result to appellant through its continual neglect to do a statutory duty. We do not mean to say that under no circumstances could the landowner's delay in doing the work after notice be harmful to the company. But this record fails to show that the delay was in any way detrimental to appellant's rights.

The other questions argued are the same as those in the case of *Terre Haute, etc., R. Co.* v. *Salmon* (1905), 34 Ind. App. 564, and are controlled by the decision in that case.

Judgment affirmed.