## TERRE HAUTE & LOGANSPORT RAILWAY COMPANY v. SALISBURY.

[No. 5,622.   Filed May 29, 1906.]

1.  RAILROADS. — *Rights of Way.* — *Fences.* — *Liens.* — Under the statutes (§§5323-5325 Burns 1901, Acts 1885, p. 224), providing that railroad companies must fence their rights of way so as to turn stock and "may" use barbed wire, and in case of failure the abutting landowner may erect same and retain a lien therefor, such landowner may recover for a fence made of woven wire with two barbed wires at the top, though such fence was costlier than barbed wire.   p. 101.

2.  NEW TRIAL. — *Evidence.—Sufficiency.—Railroads.—Fences.— Attorneys' Fees.*—Evidence showing that defendant railroad company refused to build a fence along its right of way; that plaintiff, after giving notice, built such fence; that defendant failed to pay therefor; that plaintiff brought suit; that his complaint was signed by his attorney; that such attorney represented plaintiff in all the proceedings in court and that a reasonable attorney's fee was a certain amount, sustains a finding for plaintiff for attorney's fees.   p. 103.

Terre Haute, etc., R. Co. *v.* Salisbury—38 Ind. App. 100.

3.  RAILROADS. — *Fences.—Attorneys' Fees.—Statutes.—Validity.*
—The statute (§§5324, 5325 Burns 1901, Acts· 1885, p. 224),
providing for the recovery of attorneys' fees in the foreclosure
of liens for fencing railroad companies' rights of way, is valid.
p. 103.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Action by Thomas N. Salisbury against the Terre Haute
& Logansport Railway Company. From a judgment for
plaintiff, defendant appeals. *Affirmed.*

*Guenther & Clark* and *John G. Williams,* for appellant.
*Joseph Combs,* for appellee.

ROBINSON, J.—Suit by appellee to recover for rebuild-
ing a fence along appellant's right of way. Trial and
judgment in appellee's favor.

Overruling appellant's motion for a new trial is alone
relied upon as error. It is argued that the court erred in
overruling the motion for a new trial (1) because the un-
contradicted evidence shows that the value of the fence con-
structed by the appellee was in excess of the value of a
fence such as, under the law, appellant was required to
build; (2) because appellee was not entitled to recover
attorneys' fees, in the absence of proof that he had em-
ployed an attorney to enforce the collection of the value of
the fence constructed.

(1) Sections 5323-5325 Burns 1901, Acts 1885, p.
224, §§1-3, provide that railway companies shall fence
their tracks where they can be fenced, which fence

1.  "may be constructed of barbed wire, on both sides of
such railroad throughout the entire length, * * *
sufficient and suitable to turn and prevent cattle, horses,
mules, sheep, hogs, or other stock from getting on such
road;" and, upon the neglect or failure of the company to
build or repair such fence, the adjoining landowner, after
giving thirty days' notice of his intention to do so, may re-
build or repair the same and collect from the company the
expense thereof, including material and labor, together with

reasonable attorneys' fees. The statute does not provide the kind of fence that shall be built, further than that it shall be sufficient and suitable to turn cattle, horses, mules, sheep or hogs or other stock, and that the fence "may be constructed of barbed wire." If the company itself build the fence it may construct it of barbed wire, or it may build it of other material, the only requirement is that it be sufficient and suitable to turn stock as specified. It is not claimed that the fence appellee built was not sufficient and suitable to turn stock, nor is it claimed that the material used was not worth what appellee paid for it, nor that any more material was used than was necessary; but it is claimed that the fence constructed is a more expensive fence than the statute requires to be built. Appellee testified that the fence built by him was of woven wire, with two barbed wires at the top, the whole from fifty to fifty-two inches high, with cedar posts. It appears from the evidence that the fence was about the ordinary height, and that it was properly constructed, but the argument is that a cheaper fence could have been constructed that would have satisfied the statutory requirement.

The statute does not contemplate that the fence required shall be built as a temporary structure, but that it shall be built and maintained along the right of way so long as the land is used as a railroad right of way. There is evidence to show that a barbed wire fence sufficient to turn stock could be built for less money than it cost to build the fence in question, but there is also evidence to show that the fence built by appellee, considered in the nature of a permanent improvement, is the cheaper fence of the two. It is no doubt true that a fence might be built by a landowner under this statute that would be unreasonably expensive, but the evidence in the case at bar does not make such a case. While there is evidence that a fence sufficient to turn stock could have been erected for from twenty to twenty-five cents less per rod, there is also evidence to show that, con-

sidering the place and purpose of the fence, such a fence as that built by appellee is within the purpose of the statute.

(2) Evidence was introduced that a reasonable attorney's fee would be $36, but it is argued that the record fails to show that appellee had employed an attorney, or had become liable to an attorney for reasonable compensation in the prosecution of this action. The record shows that appellee gave the statutory notice to appellant, that appellant failed to build the fence, that appellee did build it, that appellant failed to pay him the expenses of building it, and that he brought suit to recover the amount. Appellee's complaint is signed, "Joseph Combs, attorney for plaintiff." Through all the proceedings leading up to the trial and throughout the trial appellee was represented in court by the same attorney. The record sufficiently shows that appellee had employed counsel. *Smiley* v. *Meir* (1874), 47 Ind. 559, 562.

The statute provides that the claimant in such case may recover a reasonable attorney's fee. It is true that a contract for the payment of attorneys' fees is upheld on the ground that they are a reasonable indemnity against loss actually and necessarily occasioned by the failure to pay; but in this case the record shows that it became necessary for appellee to bring suit to collect his claim, and the record also shows that as between appellee and his counsel appellee was liable to his counsel for the reasonable value of his services in prosecuting the claim. There is no conflict in the evidence that the attorney's services were reasonably worth $36, the amount allowed by the court. It is expressly held that this provision of the statute authorizing the recovery of attorneys' fees, in addition to the value of the fence constructed, is valid. *Terre Haute, etc., R. Co.* v. *Salmon* (1903), 161 Ind. 131. See, also, *Terre Haute, etc., R. Co.* v. *Salmon* (1905), 34 Ind.

App. 564; *Terre Haute, etc., R. Co.* v. *Erdel* (1904), 163 Ind. 348; *Terre Haute, etc., R. Co.* v. *Earhart* (1905), 35 Ind. App. 56.

Judgment affirmed.