(March 4, 1918.)

## MARK HINDMAN, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[178 Pac. 837.]

RAILROADS—RIGHT OF WAY—STATUTORY DUTY TO FENCE—ATTORNEY FEES—POLICE POWER—CONSTITUTIONAL LAW.

1. The statute requiring railroad companies to maintain lawful fences along their rights of way is a police regulation adopted to protect human life and property for the benefit of the general public and not for the sole benefit of adjoining or contiguous land owners.

2. Sec. 2818, Rev. Codes, as amended by chapter 223, page 706, Session Laws 1911, providing for the recovery of attorney fees where damages are recovered against a railroad company which has failed to maintain a lawful fence along its right of way as required by sec. 2815, Rev. Codes, is designed not for the purpose of compelling railroad companies to pay their debts, but to compel them to comply with the law requiring them to maintain lawful fences along their rights of way for the public safety and to provide a penalty for the violation of such statutory duty, and is a proper police regulation.

3. *Held,* that sec. 2818, Rev. Codes, as amended *supra,* does not deprive railroad companies of their property without due process of law nor deny to them the equal protection of the laws and is not repugnant to the fourteenth amendment to the constitution of the United States.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Action against a railroad company for damages and attorney fees under the statute requiring such companies to maintain lawful fences along their rights of way. Judgment for plaintiff *affirmed.*

George H. Smith and H. B. Thompson, for Appellant.

The court erred in allowing attorney's fees under the provisions of sec. 2818, Rev. Codes, as amended by chapter 223, Laws 1911. (*St. Louis M. & S. Ry. Co. v. Wynne,* 224 U. S. 354, 32 Sup. Ct. 493, 56 L. ed. 799, 42 L. R. A., N. S., 102; *Pacific Mut. Life Ins. Co. v. Carter,* 92 Ark. 378, 123 S. W. 384, 124 S. W. 764, see, also, Rose's U. S. Notes.)

A statute such as the one in question denies due process and equal protection of the laws. (*Chicago M. & St. P. R. Co. v. Polt,* 232 U. S. 165, 34 Sup. Ct. 301, 58 L. ed. 554; 6 R. C. L. 420, 421; *Seaboard Air Line Ry. v. Seegers,* 207 U. S. 73, 28 Sup. Ct. 28, 52 L. ed. 108, see, also, Rose's U. S. Notes.)

A statute is unconstitutional which allows attorney's fees to a successful litigant of one class and denies them to the opponent, even though successful. (*Builders' Supply Depot v. O'Connor,* 150 Cal. 265, 119 Am. St. 193, 11 Ann. Cas. 712, 88 Pac. 982, 17 L. R. A., N. S., 909.)

Under the circumstances of this case the statute now before the court is void for all purposes. (*Meyer v. Wells Fargo & Co.,* 223 U. S. 298, 32 Sup. Ct. 218, 56 L. ed. 445; *Salt Lake City v. Utah L. & Ry. Co.,* 45 Utah, 50, 142 Pac. 1067, see, also, Rose's U. S. Notes.)

Ed R. Coulter, for Respondent.

This act of the legislature and the reason for enacting these laws was discussed in *Johnson v. Oregon Short Line R. Co.,* 7 Ida. 355, 63 Pac. 112, 53 L. R. A. 744.

It is as a police regulation for the benefit of the general public that this legislation was enacted. (*Bernardi v. Northern Pac. Ry. Co.*, 18 Ida. 76, 108 Pac. 542, 27 L. R. A., N. S., 796; *Yates v. Camas Prairie R. Co.*, 22 Ida. 802, 128 Pac. 545; *Atchison, T. & S. F. R. Co. v. Matthews*, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. ed. 909; *Minneapolis & St. Louis R. Co. v. Emmons*, 149 U. S. 364, 13 Sup. Ct. 870, 37 L. ed. 769; *Minneapolis & St. L. R. Co. v. Beckwith*, 129 U. S. 26, 9 Sup. Ct. 207, 32 L. ed. 585, see, also, Rose's U. S. Notes.)

This statute does not, in cases where stock is killed on its road, deprive the company of property without due process of law in allowing the owner of the stock to recover damages in excess of the value thereof; nor does it deny to the company equal protection of the laws. (*Missouri Pacific Ry. Co. v. Humes*, 115 U. S. 512, 6 Sup. Ct. 110, 29 L. ed. 463; *Clark v. Kansas City*, 176 U. S. 114, 20 Sup. Ct. 284, 44 L. ed. 392; *Fidelity Mutual Life Assn. v. Mettler*, 185 U. S. 308, 22 Sup. Ct. 662, 46 L. ed. 922; *Yazoo & M. V. R. Co. v. Jackson Vinegar Co.*, 226 U. S. 217, 33 Sup. Ct. 40, 57 L. ed. 193; *Kansas City Southern Ry. Co. v. Anderson*, 233 U. S. 325, 34 Sup. Ct. 599, 58 L. ed. 983, see, also, Rose's U. S. Notes.)

BUDGE, C. J.—This action was brought by respondent against appellant railroad company to recover damages for the alleged killing by appellant company of a certain bull belonging to respondent at a place where the right of way passes along inclosed lands and cultivated fields. Respondent demanded $200 from the company and upon its refusal to pay, brought this action for that amount and for $75 attorney fees. The case was tried to a jury and a verdict was returned for respondent awarding him damages in the sum of $175. The court entered judgment for this amount and also included in its judgment $75 attorney fees. This appeal is from the judgment.

The chief assignment of error is that "The court erred in awarding attorney's fees to the plaintiff, and in entering judgment accordingly." It was stipulated that $75 was a reasonable attorney fee provided attorney fees could be lawfully

assessed, but appellant objected to the allowance of such fees on the ground that the statute under which they were claimed is unconstitutional in that it denies to appellant the equal protection of the law and deprives it of its property without due process of law. The section of the statute in question is sec. 2818, Rev. Codes, as amended by chap. 223, Session Laws of 1911, which reads as follows:

"Sec. 2818. In all suits under Sec. 2815 of the Revised Codes of Idaho, as amended, aforesaid, if the plaintiff recover any damages he shall also be entitled to recover reasonable attorney's fees, together with his costs of suit."

It is the contention of appellant that this section contravenes the following provisions of the fifth and fourteenth amendments to the constitution of the United States:

"Article V. . . . . nor shall any person . . . . be deprived of life, liberty, or property, without due process of law; . . . . "

"Article XIV. . . . . nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Inasmuch as the fifth amendment to the constitution of the United States is a limitation solely upon the powers of the federal government, it can have no application to the section of our statute in question (12 C. J. 1194), and we will confine this portion of the opinion to a consideration of the question presented with reference to the fourteenth amendment.

While it is doubtful whether the complaint is sufficient to tender an issue under the statute requiring railroads to fence, this defect is cured by the allegations in the answer. At any rate, the case was tried upon the theory that the issue raised was under the statute above referred to and this court has recently held that "where both parties to an action try their case upon the same theory as to the issue tendered by the pleadings, they are bound by the theory so adopted." (*Brown v. Hardin,* 31 Ida. 112, 169 Pac. 293.)

Furthermore, the jury evidently found, and the finding is abundantly supported by the evidence, that respondent's bull

came upon appellant's right of way at a place where the railroad company was required to maintain a lawful fence and where the fence was down. The question is, therefore, squarely presented: Can attorney fees be imposed upon a railroad company under a statute providing for their recovery where, under the facts, it has clearly violated the provision of the statute requiring such companies to maintain a lawful fence along their rights of way?

The answer to this question depends largely upon the purpose of such statute. The authorities, construing similar statutes are conflicting and, as pointed out in the extended note to *Builders' Supply Depot v. O'Conner,* 17 L. R. A., N. S., 910, "much of this confusion, however, may be ascribed to attempts upon the part of other courts to follow the apparent changes of position of the United States supreme court on the subject."

We shall not attempt here to review all of the conflicting decisions upon the question involved, but shall confine ourselves to those decisions which, in our opinion, correctly state the law applicable to the situation which is presented by our statute and the facts here in issue. This court has long since held that "the statute requiring railroad companies to fence their rights of way . . . . is a police regulation adopted to protect human life and property for the benefit of the general public and not for the sole benefit of adjoining or contiguous land owners." (*Johnson v. Oregon Short Line Ry. Co.,* 7 Ida. 355, 63 Pac. 112, 53 L. R. A. 744.) We are in accord with the rule there announced. We are confronted, then, with a statute providing a proper police regulation requiring railroad companies, under such circumstances as existed in this case, to maintain lawful fences along their rights of way for the public safety and with a clear violation of the requirements of the statute by the railroad company.

The provision of the section authorizing the recovery of attorney fees in cases of this character, sec. 2818, *supra,* is not designed to compel the railroad company to pay its debts, but the evident purpose of this provision is to compel railroad companies to comply with the law requiring them to maintain

lawful fences along their rights of way for the public safety and to provide a penalty for their violation of this statutory duty. We are satisfied that these elements bring this case within the reasoning of the supreme court of the United States in *Atchison, T. & S. F. R. Co. v. Matthews*, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909, see, also, Rose's U. S. Notes. In the latter case a statute of the state of Kansas made railroad companies liable for damages by fire caused by the operating of railroads and provided that in actions commenced under the act, if the plaintiff recovered, he should be allowed a reasonable attorney fee. The statute was upheld as a proper police regulation, the supreme court saying:

"Its monition to the railroads is not, pay your debts without suit or you will, in addition, have to pay attorney's fees; but rather, see to it that no fire escapes from your locomotives, for if it does you will be liable, not merely for the damage it causes, but also for the reasonable attorney's fees of the owner of the property injured or destroyed."

So in this case, our statute does not threaten the railroads with the infliction of this penalty unless they pay their debts without suit, but does say to the railroad companies, where your right of way passes along cultivated fields or inclosed lands, you must maintain a lawful fence and if you do not so maintain such fence, you will be liable not only for the damage caused, but for reasonable attorney fees of the owner of the property injured or destroyed. It may be that a better or a more appropriate statute could have been devised by the legislature, but that question is not before us; it is only necessary for us to determine whether the legislature has exceeded its constitutional power. Upon this point let us again refer to the decision in the Matthews case, where the supreme court of the United States said:

"We have no right to consider the wisdom of such legislation. Our inquiry runs only to the matter of legislative power. If, in order to accomplish a given beneficial result— a result which depends on the action of a corporation—the legislature has the power to prescribe a specific duty and punish a failure to comply therewith by a penalty, either

double damages or attorney's fees, has it not equal power to prescribe the same penalty for failing to accomplish the same result, leaving to the corporation the selection of the means it deems best therefor? Does the power of the legislature depend on the method it pursues to accomplish the result? As individuals we may think it better that the legislature prescribe the specific duties which the corporations must perform; we may think it better that the legislation should be like that of Missouri, prescribing an absolute liability, instead of that of Kansas, making the fact of fire *prima facie* evidence of negligence; but, clearly as a court we may not interpose our personal views to the wisdom or policy of either form of legislation. It cannot be too often said that forms are matters of legislative consideration; results and power only are to be considered by the courts." (*Atchison, T. & S. F. R. Co. v. Matthews, supra.*)

The view we have taken follows as a matter of course when account is taken of the previous decisions of this court that such a statute is a police regulation. The principle involved has been clearly stated by the supreme court of Illinois in the following language:

"The further objection is made that this provision for attorney's fees is unwarrantable, as being special legislation, in singling out one class of corporations and attaching this liability to one class of cases. This provision may be upheld as being in the nature of a penalty for noncompliance with the statutory duty of fencing. The requirement of the fencing of railroad tracks is not alone for the private benefit of the owners of stock along their lines, but it has respect to the public welfare as well, as a measure for the safety of travel on railroads. As a police regulation for the promotion of the public safety in that respect, the legislature may well require the fencing of their railroad tracks by railway companies, and provide penalties for securing performance of the duty." (*Peoria, D. & E. Ry. Co. v. Duggan,* 109 Ill. 537, 539, 50 Am. Rep. 619–621.)

We conclude, therefore, that sec. 2818, *supra*, is not wanting in due process of law nor repugnant to the fourteenth amendment to the constitution of the United States.

The remaining points relied upon by appellant are sufficiently covered by the recent decision of this court in *Saccamonno v. Great Northern Ry. Co.*, 30 Ida. 513, 166 Pac. 267, and do not require further discussion here.

The judgment is therefore affirmed. Costs are awarded to respondent.

. Morgan and Rice, JJ., concur.


ON REHEARING.

(March 8, 1919.)

POWER OF LEGISLATURE TO IMPOSE PENALTIES—PURPOSE OF NOTICE—STATUTORY CONSTRUCTION.

4. In order to enforce upon a railroad company the duty to fence its right of way, the legislature may prescribe appropriate penalties. The mode in which such penalties shall be imposed, whether at the suit of a private party or at the suit of the public, and what disposition shall be made of the amounts collected, are matters merely of legislative discretion.

5. The purpose of C. L., sec. 2817, in requiring the service upon the railroad company of notice of claim for damages, is to prevent stale claims being filed against the company, and to afford the latter an opportunity to make an investigation; the liability of the company, if any, being limited to the value of the animal or animals killed or wounded, if the company's right of way fence has been erected and maintained as required by law.

6. Where a statute is capable of two interpretations, one of which would make it constitutional and the other would make it unconstitutional, the court should adopt that construction which will uphold the validity of the act, the presumption being that the legislature intended to enact a law which would be constitutional and enforceable.

[As to duty to maintain fences and cattle-guards, see note in 21 Am. St. 289.]

BUDGE, J.—A rehearing has been granted on appellant's petition, setting forth among other things that C. L., sec.

2815, imposes an absolute liability upon railroad companies for failure to fence as therein required, seeking thereby to distinguish this case from the case of *Atchison. T. & S. F. R. Co. v. Matthews*, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909, see, also, Rose's U. S. Notes, upon the theory that the decision in the latter case turned upon the question that the mere proof of the occurrence of the fire established a *prima facie* case.

While we are of the opinion that this difference, if it existed, would not be sufficient to distinguish this case from the Matthews case, we cannot agree with counsel that the difference contended for exists. The language of sec. 2815, bearing expressly upon this point, is as follows:

"In all actions for the recovery of damages under this section, proof of the wounding, maiming or killing of such animal or animals, by such railroad company or corporation, *shall be prima facie evidence of negligence or wilfulness* on the part of such railroad company or corporation."

A further attempt has been made to show that because of the provisions of C. L., sec. 2817, requiring a person claiming damages under sec. 2815 to serve notice of his claim in writing within six months after the alleged damage is done, and providing that all suits for such damage must be commenced within one year after the service of such notice, the attorney's fee provided for by sec. 2818 must be construed to be a penalty imposed upon the railroad company for failure to pay the claim, and not a penalty for failure to fence.

In this connection counsel urges that these sections of the statute should be construed *in pari materia*, which is undoubtedly correct, since they are a part of the same act and relate to the same subject matter, and at the same time insists that sec. 2818 should be construed as a separate and distinct provision, relating to the manner of enforcing the claim and not relating to the statutory duty to fence, a position wholly inconsistent with and diametrically opposed to the contention that the sections should be construed *in pari materia.*

Owing to appellant's earnestness, we have re-examined the authorities which have been called to our attention and have made a further independent investigation of many other cases bearing upon the questions before us.

In order to enforce the duty to fence, the legislature may prescribe appropriate penalties. The mode in which they shall be enforced, whether at the suit of a private party or at the suit of the public, and what disposition shall be made of the amounts collected, are mere matters of legislative discretion. (Note, 31 L. R. A., N. S., 861; *Atchison, T. & S. F. R. Co. v. Matthews, supra.*)

The whole of the penalty may be given to the person aggrieved (*Barnett v. Atlantic etc. R. Co.*, 68 Mo. 56, 30 Am. Rep. 773), although it exceeds compensation for the injury sustained. (21 R. C. L. 209.)

Statutes similar to sec. 2818, *supra*, providing that an attorney fee may be recovered from a railroad company which has neglected its statutory duty to fence, by one whose stock has been killed, have been held by the weight of authority to be constitutional. (Note, 31 L. R. A., N. S., 864; *Peoria, D. & E. R. Co. v. Duggan*, 109 Ill. 537, 50 Am. Rep. 619; *Terre Haute & L. R. Co. v. Salmon*, 161 Ind. 131, 67 N. E. 918; *Terre Haute & L. R. Co. v. Salisbury*, 38 Ind. App. 100, 77 N. E. 1097; *Kansas P. R. Co. v. Mower*, 16 Kan. 573; *Atchison & N. R. Co. v. Harper*, 19 Kan. 529; *Johnson v. Chicago, M. & St. P. R. Co.*, 29 Minn. 425, 13 N. W. 673; *Perkins v. St. Louis, I. M. & S. R. Co.*, 103 Mo. 52, 15 S. W. 320, 11 L. R. A. 426; see, also, *Paddock v. Missouri Pac. Ry. Co.*, 155 Mo. 524, 56 S. W. 453; *Illinois C. R. Co. v. Crider*, 91 Tenn. 489, 19 S. W. 618.)

In *Illinois C. R. Co. v. Crider, supra*, the court, by Lurton, J., afterward a member of the supreme court of the United States, said:

"These objections overlook the fact that this legislation is intended to compel railroad companies to fence in their tracks; and that the liability imposed is a consequence of the failure of the offending company to adopt so necessary a means toward the protection of the property of others, and

as a precaution against accidents resulting from the presence of animals on the road, thus endangering the safety of those controlling and those using so dangerous a mode of conveyance. If the state may, in the exercise of its police powers, compel all railroad companies to fence in their tracks, it may enforce such policy by making the offending company liable to all who sustain injury by neglecting such precaution. . . . . To attain this end, it is not obliged to stop at mere compensation, *for it may blend public and private interests by permitting a recovery in excess of actual damages.''*

Appellant relies strongly upon the recent case of *Pierce v. Chicago & N. W. R. Co.,* 180 Iowa, 1385, 164 N. W. 182. In our opinion the case at bar is distinguishable from the latter case. The Iowa statute provided that any railway company which should fail or neglect to pay within thirty days the full amount of damages sustained by the owner of any live-stock killed or injured by reason of failure of the railway company to maintain proper and sufficient cattle-guards and fences, should pay double the amount of damages actually sustained. The owner demanded an excessive amount, which the railway company refused to pay. The supreme court of Iowa, in reversing a judgment for double damages in favor of the owner, said:

''Moreover, the railway company is made liable for the penalty only in case of compliance by the claimant with the statute, and no hardship is involved in exacting that the owner's claim be restricted to the fair and reasonable measure of damages suffered as a condition to the imposition of the penalty for failure to pay.''

The penalty there prescribed was for failure to pay the actual damages. Here the penalty is for failure to fence, as is manifest from the provision that if any damages are recovered the attorney fee follows as a matter of course. And whether the damage occasioned is large or small, if the owner asserts his claim in court and recovers any damages, the attorney fee attaches as an incident to the enforcement of his claim, and as a penalty for the failure to comply with the statutory duty to fence. It should not be forgotten that in

the absence of proof of failure to comply with the statutory duty to build and maintain a fence, no penalty attaches, and the statute is not intended to apply except in such cases.

It is contended by appellant in his petition for rehearing "that unless the payment of attorney's fees as provided by sec. 2818 can be considered to be an obligation arising *eo instante* upon the killing of an animal at the place required to be fenced by sec. 2815, that it cannot be supported as a police regulation." In the case of *Peoria, D. & E. R. Co. v. Duggan, supra,* the supreme court of Illinois says:

"The liability for attorneys' fees exists at the time the suit is commenced. It arises at the same instant with the suit for damages, and although it be that the services for which the attorney's fee is given are performed during the progress of the suit, the fee may most fitly and conveniently be assessed in the same suit with the damages. There is no substantial reason why the plaintiff should be put to an additional suit for the recovery of the attorney's fee. The law does not favor the multiplicity of suits. . . . . The liability which is created by the act is for the damages and attorney's fees conjunctively, and in our opinion it was the intention of the legislature that they should be assessed together in one and the same action, such intention being derived from the language of the act."

The purpose of the statute, in requiring the service of notice of claim for damages, is to prevent stale claims being filed against the railroad, and to afford the railroad company an opportunity to make an investigation and if the fence has been erected and maintained as required by law, the liability of the company, if any, is limited to the value of the animal or animals killed or wounded. It furnishes an opportunity to the railroad company to determine whether or not the statute requiring the company to fence has been violated.

We are not unmindful of the rule of statutory construction that no person shall be subjected to a penalty unless the words of the statute plainly impose it (*Tiffany v. Missouri Nat. Bank,* 18 Wall. 409, 21 L. ed. 868; *Elliott v. East Pennsylvania R. Co.,* 99 U. S. 573, 25 L. ed. 292, see, also, Rose's

U. S. Notes), but the determination of the question whether a statute imposes a penalty is not necessarily controlled by the designation which the legislature has given to it (*Helwig v. United States*, 188 U. S. 605, 23 Sup. Ct. 427, 47 L. ed. 614, see, also, Rose's U. S. Notes), and courts are never limited to the mere letter of a law, but they may look behind the letter to determine its true purpose and effect, the object being to determine what the legislature intended. That intent, once determined, furnishes a sure guide to the meaning of the enactment.

Moreover, it is an elementary principle of statutory construction that where a statute is capable of two interpretations, the one constitutional and the other unconstitutional, the court should adopt the construction which would uphold the validity of the act, for the reason that it is not to be presumed that the legislature was attempting to enact an unconstitutional law, but, on the other hand, the presumption should always obtain that the legislature was seeking to enact a law which would be constitutional, valid and enforceable.

An examination of sections 2815, 2817 and 2818 discloses the fact that they comprise only one act, designed to accomplish a single purpose, viz., that the railroad company shall erect and maintain lawful fences at the places and in the manner designated by sec. 2815. This portion of the act defines the statutory duty which the legislature has imposed upon the railroad company. The remaining portions of the act prescribe the consequences which are to follow a failure to conform to the requirements of the statutory duty, and were evidently intended to enforce by appropriate penalty the performance of the duty.

For the reasons herein expressed, we adhere to the conclusion reached in our original opinion.

Morgan, C. J., and Rice, J., concur.